## DELK *v.* PICKENS.

Under code, §§1449-55, for the justice of the peace to have jurisdiction of a defendant who resides in another district, the summons issued and served should show the jurisdictional facts that the animals have been impounded by the plaintiff and that there is a disagree- ment between the parties as to the amount of the damages claimed, and the amount claimed for feeding and caring for the animals im-- pounded. A summons requiring the defendant to appear at a jus- tice's court therein mentioned, to answer a complaint of the plain- tiff, consisting of an account merely stating so much damages and so much for feeding and care of cattle, without more, is not suf-- ficient. BLANDFORD, J., dissenting.

(*a*) Proper form of summons in such cases suggested.

December 6, 1889.

Justices' courts.   Jurisdiction.   Stock-law.   Prac-- tice.  Before Judge WINN.  Cobb superior court. March. adjourned term, 1889.

In a justice's court of the 897th district (a stock-law district) Pickens sued Delk, a resident of the 898th dis- trict, upon an account dated and sworn to, for "damages. and injury to crop, $1.30 ; feeding and caring for four head of cattle for fifteen days at 15c per head per day,. $9.00=$10.30." The summons issued and served was in the usual form of a justice's court summons, and commanded the defendant to appear "at the justice's court to be held in and for the 897th district G. M.,. at the usual place of holding court, by" a time specified, "then and there to answer plaintiff's demand upon an open account, a copy of which is hereunto attached."

The plaintiff had judgment, which was sustained on *certiorari*.

C. D. PHILLIPS and J. Z. FOSTER, for plaintiff in error. GOBER & ALEXANDER and W. R. POWER, *contra*.

BLANDFORD, Justice.

The plaintiff in error was summoned to appear before a justice's court to be held in a certain district. He appeared and filed a plea to the jurisdiction of the court, in which he alleged that he resided in another district, and not in the district to which he was summoned to appear. The court overruled this plea and dismissed the same, and thereupon the plaintiff in error applied for a writ of *certiorari* to reverse and set aside the judgment rendered against him in said justice's court. It appears from the summons in the case that he was required to appear at a justice's court mentioned therein, to answer a complaint of the defendant in error, which consisted of an account, which account merely stated damages so much, and for feeding and care of cattle so much, without more. The court overruled the *certiorari*, and affirmed the judgment of the justice's court; whereupon the plaintiff in error excepted, and says that this was error.

The act of 1872, which is embraced in sections 1449 to 1455 of the code, requires that when animals commit any trespass or damage, and are found going at large on the premises of any other person than the owner of such animals, it shall be lawful for the owner of said premises to impound the stock and retain them until the owner of the stock shall make full satisfaction or reparation for the damages committed by such animals, including all costs and expenses. Section 1454 provides that where there is a disagreement between the party taking the animals up, and the owner of the animals, as to the amount of damages sustained on account

of the alleged trespass of such animals, or for expenses for care, feeding and attention to the same, the aggrieved party may complain to the justice of the peace of the district (and if no justice, then to the most convenient justice in another district), setting forth the amount claimed, and that such justice issue a summons as in other suits, returnable within five days from the date thereof, requiring the owner or claimant of such stock to appear at a time and place therein named, which shall be served as other summons, at least three days before the time of the hearing; and then the justice shall hear evidence and give judgment against said owner or claimant of such animals, as shall appear reasonable and just, including the expenses of care and feeding of such stock, and all legal costs, which shall be enforced by execution levy, and sale, as other judgments of such justice.

In this case it is claimed that the plaintiff in error was required to appear at a justice's court, and that the suit against him was as any other ordinary suit; and that inasmuch as he lived out of the district in which he was summoned to appear, the court had no jurisdiction to hear and determine such case. While for myself I think the summons was sufficient, and came within the purview of the act referred to, yet the majority of this court think otherwise. They think that the summons should have showed upon its face that the animals had been impounded by the plaintiff, and that there was a disagreement between the plaintiff and the defendant as to the amount of the damages claimed by the plaintiff, and as to the amount claimed for feeding and taking care of the animals thus impounded; and they think that the court committed error in not sustaining the writ of *certiorari*. Inasmuch as the majority of this court contend that the jurisdictional facts should have appeared on the proceedings of the justice in order to

have given him jurisdiction to hear and determine this case, then I would suggest the following as a proper summons to be issued in such cases :

GEORGIA,
—— County.  } To (proper officers to execute and return.)

A. B. *vs.* C. D.

WHEREAS, A. B., the plaintiff, complains that C. D., the defendant, allowed his cattle to go upon the lands of the plaintiff (which lands were not required to be fenced under the laws of this State), and did then and there damage the growing or other crops of plaintiff, the grass, trees, and other things being thereon, and plaintiff having impounded said cattle ; and there being a disagreement between plain˜ tiff and defendant as to the amount of the damages or the expenses for the care and feed of such animals so taken up and impounded, the amount claimed being —— dollars: the defendant is required to appear before me at a court to be held at ————, on the —— day of ————, when such damages and expenses aforesaid will be adjudged and determined. Herein fail not.

Witness my hand and official signature this —— day of ————, 18—.                                        ————————, J. P. (L. S.)

*Judgment reversed.*