## WESTERN & ATLANTIC RAILROAD COMPANY *v.* HYER.

1. A mere statement in a brief of evidence that the plaintiff " introduced in evi-
   dence the mortality and annuity tables in the seventieth Georgia Report "
   does not authorize this court to take judicial cognizance of the contents of
   the tables published by the official reporter as an appendix to that volume.
   SIMMONS, C. J., and LEWIS, J., dissenting.
2. The right of the plaintiff in the present case to recover of the defendant was
   clearly established, and it does not appear that the verdict was excessive.

Argued April 4, — Decided July 18, 1901.

Action for damages.    Before Judge Fite.    Bartow superior court.
December 1, 1900.

*Payne & Tye* and *J. M. Neel,* for plaintiff in error.
*Burton Smith* and *Albert S. Johnson,* contra.

LUMPKIN, P. J.    Mrs. Fannie Hyer brought against the railroad
company an action for damages for the homicide of her husband,
who, while in the defendant's service as a locomotive engineer, was
killed in a collision.    There was at the trial ample evidence to show
that with respect to this collision the defendant was negligent.
Its main contention was that the deceased was also guilty of neg-
ligence contributing to his death.    The jury returned a verdict for
$5,500 against the company.    It made a motion for a new trial,
which was overruled, and it excepted.    The grounds of this motion
were, that the verdict was contrary to law and to the evidence;
that it was excessive; and that the court erred in giving certain in-
structions to the jury as to the manner of using the mortality ta-
bles appearing in 70 *Ga. Rep.* 844 – 848, and in failing to give cer-
tain other instructions in relation thereto.

1. The first question presented for our consideration is whether
or not, in view of the brief of evidence, we can properly undertake
to pass upon those grounds of the motion which allege error in
charging or omitting to charge with reference to the tables above

mentioned. An examination of the brief of evidence discloses that it contains but a single reference to these tables, the same being expressed as follows: "Plaintiff here introduced in evidence the mortality and annuity tables in the seventieth Georgia Report." It is manifest that in the absence of certain and definite information as to the contents of the tables thus referred to, no reviewing court could intelligently determine what should or should not have been charged with respect thereto. The truth of this self-evident proposition was conceded by the learned counsel for the plaintiff in error, but their insistence was that the meagre reference in the brief of evidence to the 70th volume of our Reports was all that was necessary to bring before this court the matter appearing on the designated pages of that report. In other words, they contended that, as the brief of evidence showed that certain tables appearing on those pages were introduced in evidence, this court should take judicial cognizance of what was there shown. To this we can not agree. The mere fact that certain tables were published by the official reporter of this court in the form of an appendix to the 70th *Ga.* does not authorize us to take judicial notice of the contents of the tables there to be found. On the contrary, we have no authority to look outside of the record of any given case for the purpose of discovering something which that record should, but does not, itself disclose. So far as we have been able to ascertain, the farthest this court has ever gone in treating as evidence a document not set forth either in a brief of evidence or bill of exceptions was in the case of *Ragland* v. *Barringer*, 41 *Ga.* 114, in which a majority of the court held that it would take judicial notice of the contents of a proclamation issued by the Governor of this State in compliance with the terms of a statute giving him direction in the premises. Even if the doctrine announced in that case can be said to have any application to one like the present, the decision rendered therein is not binding as authority, for the reason that Chief Justice Brown dissented therefrom. The foregoing makes it sufficiently apparent that we can not properly or intelligently pass upon such of the grounds of the motion for a new trial as relate to charges or omissions to charge concerning the use which the jury might make of the tables above referred to.

2. As already intimated, the jury were fully warranted in finding against the company, and the only remaining question is

whether or not their verdict was excessive.   We can not, as matter of law, hold that it was.   Though the plaintiff's husband at the time of his death was about sixty-four years of age, there was evidence to warrant the jury in concluding that he was an unusually strong, robust, and vigorous man who, in all probability, would have been able to perform his duties as a railroad engineer for many years longer.   There was, it is true, testimony tending to show that he was beginning to manifest physical infirmities incident to advancing years, and could hardly be expected to be able to do active service as an engineer for more than two or three years.   As a reviewing court we can not, however, undertake to say what the jury should have found as to the expectancy of the deceased or the probable continuance of his ability to perform active work.   Giving to the evidence as a whole the view most favorable to the plaintiff, it can be fairly said that it was reasonable to conclude the deceased might have efficiently performed his duties as a locomotive engineer for eight or ten years longer, had he not been killed.   Several of the witnesses described him as a vigorous man, apparently not over fifty-five years of age; while there was evidence to the effect that a locomotive engineer not infrequently successfully continued his calling until he reached the age of seventy, or even seventy-five, years of age.   The deceased was, at the time of his death, earning an income in excess of $1,200 per annum.   From these figures it will readily be seen that the recovery of $5,500 was sustainable, and that it would be going too far to hold, as matter of law, that a verdict for that amount was unwarranted.

*Judgment affirmed.   All the Justices concurring, except*

SIMMONS, C. J., and LEWIS, J., dissenting.   Courts take judicial notice of the standard mortality and annuity tables, without proof. 1 Gr. Ev. (16th ed.) § 6, e; 17 Am. & Eng. Enc. Law (2d ed.), 900 and cases cited; Bradner, Ev. 190; 1 Taylor, Ev. § 19, and Am. Notes; Thayer, Ev. 306 et seq.   Where, therefore, the record discloses that certain standard mortality and annuity tables, found in 70 *Ga. Rep.* 844, were introduced in evidence, and the motion for new trial complains of a manifest error committed by the trial judge against the plaintiff in error in his charge to the jury in reference to the use of the tables, but the brief of evidence does not contain a copy of the tables used on the trial, this court should not, merely because the tables are not copied in the brief of evidence,

refuse to consider the error and, as a result of so doing, affirm the judgment, but should take judicial notice of the tables and reverse the judgment denying a new trial, according to the decision in *Atlanta R. Co.* v. *Smith*, 94 *Ga.* 107.   Under the ruling of the majority, the plaintiff in error loses its case because it failed to bring up in the record a copy of a set of tables whose contents the law presumes the court to know, and as to which, if it has forgotten them, it can refresh its memory by reference to them as published in its own Reports.