## CENTRAL OF GEORGIA RAILWAY CO. *v.* GWYNES.

On certiorari for review of a judgment of a justice's court rendered against a railroad company in a suit for damages caused by negligence in operating its trains on the 1st day of January, 1920, it is not too late for the company to insist that the justice's court should have taken judicial notice of the existence of the act of Congress authorizing the President of the United States to assume control of transportation companies, and of the proclamation of the President assuming such control, although attention was not called to the existence of such act of Congress and proclamation at the time of the rendition of the judgment in the justice's court.

No. 2872. JUNE 15, 1922.

The Court of Appeals (in Case No. 12572) propounded the following question as necessarily to be answered for a proper decision of the case: "Where a suit was brought in a justice's court against a railroad corporation for damages, and the railroad corporation filed an answer denying liability, and on the trial of the case evidence was submitted and a verdict and judgment rendered against the railroad company, and no evidence was offered in behalf of the defendant, was it too late, on certiorari, for the railroad company to set up that the judgment in the justice's court was contrary to law and without evidence to support it, upon the ground that the magistrate should have taken notice, without proof, that when the damage was done the railroad was under the

control of the Federal Government under the provisions of the act of Congress providing for Federal control, and therefore not liable for the damage sued for? In other words, if this was a defense, ought it not to have been set up by the company in the trial court?"

*Jule Felton* and *Jule W. Felton,* for plaintiff in error.

*J. J. Bull & Son,* contra.

ATKINSON, J. The question concedes in effect that Federal control under the provisions of the act of Congress was proper matter for judicial cognizance; and the sole inquiry is whether it was not necessary for the railroad company to make the point in the justice's court; and having failed to do so, was it not too late to insist upon it for the first time on certiorari?

In the Civil Code (1910), § 5734, it is declared: "The existence and territorial extent of States, their forms of government, and symbols of nationality, the laws of nations, and general customs of merchants, the admiralty and maritime courts of the world and their seals, the political constitution and history of our own government, as well as the local divisions of our own State, the seals of the several departments of the government of the United States, and of the several States of the Union, and all similar matters of public knowledge are judicially recognized without the introduction of proof." In § 5818 it is declared: "The public laws of the United States, and of the several States thereof, as published by authority, shall be judicially recognized without proof." There is a similar provision that laws and resolutions of the General Assembly, as published by authority, shall be held, deemed, and considered public laws, and recognized judicia'ly without proof. Civil Code (1910), § 5797. In the case of *Combs* v. *State,* 81 *Ga.* 780 (8 S. E. 318), it was held: "In a prosecution under one of the local-option laws passed by the legislature, it is not necessary for the State either to allege in the indictment, or to prove before the jury, that such laws are operative in the counties which have adopted them by a vote of the people. They are public local laws, published by authority, and may be judicially recognized without proof. Where the local-option act in question provided for consolidation and return of votes to the clerk of the superior court; that the clerk should announce the result by publication; and that the act should take effect on the day of publi-

cation; and also that such notification of the result should be entered on the minutes of the superior court, and should be competent evidence to show when the act took effect; and the judge below had these minutes before him, there was no error in his reading from them and instructing the jury as matter of law as to when the act went into effect. Whether a law is in existence is for the court to say, and not for the jury." In *Gainesville Midland Railway* v. *Vandiver*, 141 *Ga.* 350, 352 (80 S. E. 997), involving right of employee to recover damages for personal injury from common carrier engaged in interstate commerce, it was said: " Acts of Congress, where applicable, are domestic laws, and our courts will take judicial knowledge of them without their being pleaded or proved." In *Ragland* v. *Barringer*, 41 *Ga.* 114, it was held, one judge dissenting: " Where a statute required the Governor to issue a proclamation, and he did it, and that proclamation was used as evidence in a cause, it was not necessary to set out the proclamation in the bill of exceptions. The courts will take judicial notice of its contents." This case was distinguished in *Western & Atlantic R. Co.* v. *Hyer*, 113 *Ga.* 776 (39 S. E. 447), two of the Justices dissenting; but the distinction pointed out also distinguishes the latter case from the case under consideration. It was held by the majority: " A mere statement in a brief of evidence that the plaintiff ' introduced in evidence the mortality and annuity tables in the seventieth Georgia Report ' does not authorize this court to take judicial cognizance of the contents of the tables published by the official reporter as an appendix to that volume." The proclamation by the President as authorized by the act of Congress is a matter of record in the Executive Department of the Federal Government, and has such binding effect and relation to the statute and is of such universal public notoriety as that for all purposes of judicial cognizance by courts it stands on the same basis as the act of Congress. So treating the act of Congress and the proclamation as standing on the same basis, how shall the question propounded be answered?

In Atlantic Coast Line R. Co. *v.* Holliday, 73 Fla. 269 (17) (74 So. 479), it was held: " Even though both the plaintiff and the defendant ignore a statute and proceed as though such statute did not exist or had no applicability, and fail to bring the same to the attention of the trial judge, by whom it was also evidently

overlooked, if such statute is applicable and controlling, it is the duty of an appellate court to take judicial cognizance of it." In 23 C. J. § 2005, cases are cited on page 172 for the proposition that while in some instances a fact within the realm of judicial knowledge need not be alleged or proved, yet it must be suggested or presented to the court in some way, but draws a distinction where the matter for judicial cognizance is a law, and states: " An applicable public statute of the State or of the United States may and must be judicially noticed, regardless of whether or not it was called to the court's attention by counsel." One of the decisions cited was the case of Line v. Line, 119 Md. 403 (86 Atl. 1032, Ann. Cas. 1914D, 192), being a well-considered case by the Court of Appeals. The action was a suit upon a promissory note, the date of its execution appearing on the face of the paper, but the day of the week on which it was executed not being expressed. One question was whether the Court of Appeals should take judicial notice that the paper was executed on Sunday. In the course of the opinion it was said by Patterson, J.: " But it is also contended in this court, although not contended in the court below, that the bond should not have been admitted in evidence, for the further reason that it was executed on Sunday, and therefore was invalid and not enforceable against the defendant. This fact, however, was not pleaded to the declaration, nor was there any evidence offered under his plea of non est factum, if such evidence could have been offered thereunder, that the paper writing was executed on Sunday, nor was the attention of the trial court in any way called to the fact that November 1st, 1903, the date of the alleged execution of the paper writing, fell on Sunday; nevertheless it is contended by the defendant that the court should have taken notice of this alleged fact. We are asked in this court, upon appeal, to consider this fact and determine whether or not the bond should have been admitted in evidence, although no evidence was offered in support of such fact and no suggestion made of it in the lower court and no notice taken of it by the court. There are certain facts of which courts may take notice, and these facts need not be proven. It is said in 16 Cyc. 856, that ' The most prominent, perhaps, among the facts of science judicially known to the courts are those, so to speak, of the almanac. Courts take judicial notice of the computation of time, as, for example,

the coincidence of days of the week with days of the month, or days of the month with days of the week in that month.' Our predecessors have also held, ' It is the duty of the court to notice days of the week upon which particular days of the month fall.' Philadelphia, W. & B. R. Co. *v.* Lehman, 56 Md. 209, 40 Am. Rep. 415 [408] ; Kilgour *v.* Miles, 6 Gill & J. (Md.) 268.; Sasscer *v.* Farmer's Bank, 4 Md. 409. In all these cases, however, the attention of the lower court was in some manner called to those facts. If called upon to take judicial notice of a fact of which he should take notice, or if in the trial of a case other facts therein suggest to him the probable exercise of such fact, the judge may, in order to acquire information in respect thereto or to refresh his memory, refer to documents or books of reference. Stephen's Digest, 330. The court below was not expected to know that this day, more than eight years before, fell on Sunday, and there was no evidence in the case directing his mind to the existence of that fact. If the fact had been suggested to the court, he could have referred to the calendar or almanac for information; and if he found such day was Sunday, he, without evidence, if permissible under the pleadings, could have considered this fact in ruling upon the admission of the bond. If, as in this case, the court below is not called upon to take judicial notice of a fact, either by the counsel or from other facts produced in evidence, and it be one to which the mind of the court would not ordinarily be directed, and it is not noticed by the court, then this court should not consider such fact in reviewing the ruling of the court below. Facts, when judicially noticed, fulfill the object for which evidence is designed and thus makes it necessary; they stand for and take the place of evidence. Words and Phrases, Vol. 4, 3858. The question here presented, upon which the defense relies, was not presented to and considered by the court below in determining upon the admissibility of the bond in evidence. In our opinion the court committed no error in admitting this bond in evidence." It will be perceived that the opinion deals with a case of comparison of the date of a private contract with days of the week; and in holding, under the circumstances of the case, that the appellate court would not take judicial cognizance of the fact that the paper was executed on Sunday, the ruling was restricted to cases of similar import and limited by use of the language: " If, as in this case, the court

below is not called upon to take judicial notice of a fact, either by the counsel or from other facts produced in evidence, and it be one to which the mind of the court would not ordinarily be directed, and it is not noticed by the court, then this court should not consider such fact in reviewing the ruling of the court below."

In a note to the case of Line v. Line, 34 Ann. Cas. 1914D, 192, 196, it is said: "The weight of authority is in accord with the holding of the reported case, to the effect that if the attention of the trial court is not called to a fact within its judicial knowledge and such fact is not judicially noticed, judicial notice thereof will not be taken on appeal. . . In several cases, however, appellate courts have, without attempting to lay down any rule on the subject, taken judicial notice of facts which had been ignored by the trial court. New York Indians v. United States, 170 U. S. 1, 18 S. Ct. 531, 42 U. S. (L. ed.) 927; Bosworth v. Union R. Co., 26 R. I. 309, 3 Ann. Cas. 1080, 58 Atl. 982. See also Rodgers v. Cady, 104 Cal. 288, 38 Pac. 81; Harvey v. Territory, 11 Okla. 156, 65 Pac. 837."

A different kind of case was involved in New York Indians v. United States, supra. That case involved a proper construction of certain treaties between the United States Government and certain Indian nations, in the course of which it was deemed necessary to allude to certain documents which had not been introduced in the trial court. It was said by Brown, J. (170 U. S. 32) : " Our attention has also been called to certain documents emanating from the executive and legislative departments of the Government, some of which tend to strengthen the idea that these departments never intended to treat the action of the Indians as a forfeiture of their grant, and acquiesced in the justice of the claims the Indians now make, and have already made under the treaty of Buffalo Creek. It is insisted by the Attorney-General, that, as these documents are not referred to in the findings of fact by the court below, this court cannot consider them; but as they are documents of which we may take judicial notice, we think the fact that they are not incorporated in the findings of the court will not preclude us from examining them, with a view of inquiring whether they have the bearing claimed. Jones v. United States, 137 U. S. 202, 214 [11 Sup. Ct. 80, 34 L. ed. 691]. While it is ordinarily true that this court takes notice of only such facts as

are found by the court below, it may take notice of matters of common observation, of statutes, records or public documents, which were not called to its attention, or other similar matters of judicial cognizance." What is here said applies to a case such as the one now for decision, and will be followed. See also Wood v. Clyde S. Co., 257 Fed. 879; Western Union Telegraph Co. v. Conditt (Texas), 223 S. W. 234 (2); Kerstein v. Hines, 283 Mo. 623 (6) (223 S. W. 586); McDougal v. Louisville &c. R. Co., 17 Ala. App. 468 (85 So. 880); Western Union Telegraph Co. v. Glover, 17 Ala. App. 374 (4) (86 So. 154).

It follows that the question propounded by the Court of Appeals. should be answered in the negative.    *All the Justices concur.*