25804. HALL *v.* SIMMONS.

Decided November 19, 1936.

*R. C. Jenkins, J. L. Hall,* for plaintiff in error.

*R. C. Whitman,* contra.

SUTTON, J. The bill of exceptions complains of the action of the judge of the superior court in refusing to sanction defendant's petition for certiorari. The petition sets out substantially these facts: On May 20, 1936, J. P. Simmons appeared before a justice of the peace in Putnam County, and obtained the issuance of this summons: "Whereas J. P. Simmons, the plaintiff, complains that J. L. Hall, the defendant, allowed his pigs to go upon the lands of the plaintiff (which lands were not required to be fenced under the laws of this State), and did then and there damage the crops of the plaintiff, and plaintiff having impounded said pigs; and there being a disagreement between plaintiff and defendant as to the amount of the damages or the expenses for the care and feed of such animals so taken up and impounded, the amount claimed being two dollars damages, and the additional sum of fifteen cents per day for each pig since the taking up of said pigs on May 1, 1936, and there being four pigs taken up: The defendant is required to appear before me at a court to be held at the courthouse at Eatonton, Georgia, on the 25th day of May 1936, when such damages and expenses aforesaid will be adjudged and determined." Thereupon the defendant filed his verified plea to the effect that at the time of the issuance of the summons, and at all times since then, he was a resident of Lincolnton, Lincoln County, and that he was not a resident of Putnam County, and neither the justice of the peace issuing the summons nor any other justice of Putnam County had jurisdiction of this case, and the jurisdiction thereof was in the proper courts of Lincoln County. The defendant moved also to dismiss the case, because the summons did not allege that he was a resident of Putnam County and showed on its face that the justice of the peace had no jurisdiction of the person of defendant. He filed also a special demurrer on the ground that the pigs were not described in the petition. The defendant filed also his plea and answer denying the allegations of the summons, and averring that neither he nor his pigs had damaged the plaintiff in any amount. He alleged that the Code of 1910, §§ 2002 et seq. (1933, §§ 62-202 et seq.) had not been complied with, and that his pigs were being illegally withheld from his possession, because of plaintiff's failure to comply with the law; that

the pigs were not exhibited to three freeholders in the district and county within which the damage was alleged to have been done, as required by law, and that the three freeholders had not fixed the damages as required by law, and for this reason this action could not proceed against the defendant. The justice overruled all the pleas and demurrers. On the trial the plaintiff testified in substance that the hogs damaged about two acres of his corn, which was not up and growing, but was in the hills; that he did not know whose hogs they were, except from what the defendant told him; that the damage was at least two dollars; that it would take that much to replant the corn; and that he had the hogs. S. B. Simmons testified for the plaintiff that he did not know to whom the hogs belonged, except from what the defendant said; that the hogs rooted over about two acres of the land on which the plaintiff had the corn planted, and rooted the corn out of the hills, and it had to be replanted; that it would take two or three dollars to pay for replanting the corn, and that the hogs were taken up about May 1, 1936. The defendant testified that on April 17, 1936, he put these hogs in a pen and securely fastened them up; that if these hogs were out of the pen, they were out without his knowledge, consent, or approval, and against his wishes, that some one must have knocked the planks off the pen and turned them out; that he did not know who did it; and that he used all means that he could to fasten the hogs up securely. The justice rendered judgment against the defendant for $2 damages, together with $3.75 each for four pigs for 25 days, and that the plaintiff should have a special lien on said four pigs; and for costs of court. In the petition for certiorari the defendant assigned error on the judgments overruling his plea to the jurisdiction, his motion to dismiss the summons, and his special demurrer. The defendant also assigned error on the final judgment in favor of the plaintiff for damages and for keep of the hogs. The defendant contended that the judgment was contrary to law and the evidence, because the evidence showed that there was no damage to any growing crops, but that the damage, if any, consisted of the hogs rooting up some corn out of the ground, which had not germinated; that said judgment was contrary to law and the evidence, in that there was no evidence that the lands of the plaintiff were not required to be fenced under the laws of this State, as alleged in the summons,

which was specifically denied by the defendant; that said judgment was further contrary to law and the evidence, because the action was brought under Code, § 62-701, dealing with a person permitting his hogs to run at large, and the evidence was that the hogs got out of a pen without the knowledge, consent, or approval of the defendant; and that this action would not lie in its present form, but a special action for damages would have to be filed in the county of the defendant's residence; that said judgment was contrary to the law and the evidence, in that the defendant was not negligent in allowing his hogs to run at large, but that he securely fastened them in a pen and they got out, that he did all he could to keep them up, and under no theory were said hogs "estrays;" and that said judgment could not be made a special lien on said hogs. He further assigned error on the final judgment, because the justice had no jurisdiction of him or of the subject-matter. The judge to whom the petition for certiorari was presented, passed this order: "Under section 62-603 of the Georgia Code of 1933, the mode is provided in the event the owner of live stock running at large and the person claimed to have been damaged, to ascertain the amount of such damages, if any. The record in this case shows that Hon. W. J. Lynch, the presiding judge, complied with said section. Therefore I refuse to sanction said petition for certiorari."

1. The judgment was not contrary to law and the evidence because it does not appear that it was proved in the trial before the justice of the peace that Putnam County, wherein was located the field of corn alleged to have been damaged by said hogs, was a stock-law or no-fence-law county. Whether a county in this State has adopted the "stock law" as provided in chapter 62-5 of the Code of 1933 is a matter of which the courts of this State will take judicial notice. *Bass v. State,* 1 *Ga. App.* 790 (57 S. E. 1054); *Combs v. State,* 81 *Ga.* 780 (8 S. E. 318); *Woodard v. State,* 103 *Ga.* 496 (30 S. E. 522); *Oglesby v. State,* 121 *Ga.* 602 (49 S. E. 706); *Central of Ga. Ry. Co. v. Gwynes,* 153 *Ga.* 606 (113 S. E. 183).

2. "In any county which shall adopt the stock law as provided in chapter 62-5, no . . hog . . shall be permitted to run at large beyond the limits of the lands of its owner." Code, § 62-601. In those counties which have adopted the stock law;

or where there has been a compliance with § 62-702, the owner of hogs is liable for the injury and damage done by them to the crops on the unenclosed lands of another, and such animals may be impounded as provided in §§ 62-602, 62-603. *Thombley* v. *Hightower,* 52 *Ga. App.* 716 (164 S. E. 321) ; *Bonner* v. *DeLoach,* 78 *Ga.* 50 (2 S. E. 546) ; *Dew* v. *Smith,* 130 *Ga.* 564 (61 S. E. 232). This was a proceeding to collect damages and expenses, where hogs had been impounded as provided for under §§ 62-602, 62-603, and it was not necessary to comply with §§ 62-201 et seq., with reference to estrays.

3. The justice of the peace of the district wherein lies the land on which there are crops damaged by the hogs of another person (or, if no justice therein, the most convenient justice thereto) has jurisdiction to try the proceeding under the Code, § 62-603, to determine the amount of damage done by such hogs, where they have been impounded and there is a disagreement as to the same between the plaintiff and defendant, upon complaint made by the plaintiff, by issuing a summons as provided in such statute, and may render judgment against the owner of such hogs for the damage done and the reasonable cost for the care and keep of such hogs, which judgment shall be a special lien against such hogs, and which judgment may be enforced by execution, levy, and sale as other judgments of the justice of the peace. This is a special statutory proceeding; and even if the hogs had strayed from another district or county, that would not divest the justice of the peace of the district where the damage was done from proceeding as provided by the statute. §§ 62-602, 62-603. *Delk* v. *Pickens,* 84 *Ga.* 76 (10 S. E. 596) ; *James* v. *Thompson,* 148 *Ga.* 201 (96 S. E. 216). The summons was not defective because it did not state the owner of the hogs as being in the county where the damage was done, but was in compliance with the form suggested in *Delk* v. *Pickens,* supra.

4. Corn planted in the ground, and not yet up and growing, is an immature crop for which the owner may be compensated in damages when rooted up and destroyed by trespassing hogs from another county, so that it is necessary for him to replant the corn. See *James* v. *Thompson,* supra.

5. No error is shown in the order overruling the defendant's special demurrer on the ground that the pigs were not described

in the summons, it. appearing from the record that the defendant admitted the pigs were his, that he had fastened them up securely, and that they got out without his knowing it.

6. The proceeding under the Code, § 62-603, being a special statutory proceeding for the purpose of compensating the owner of crops for damage done thereto by hogs or other domestic animals at large, and the judgment in this case being a special one creating a lien on the hogs impounded, the proceeding was not void because the defendant resided in another county and the hogs strayed therefrom. It was not like an ordinary suit for damages. Whether a general judgment against the defendant could be rendered where he did not appear and plead is not for decision in this case.

7. Applying the foregoing principles, the judge did not err in refusing to sanction the petition for certiorari, and in holding that the justice of the peace had sufficiently complied with the Code, § 62-603. The assignments of error therein were without merit. *Gill* v. *Brunswick,* 118 *Ga.* 85 (44 S. E. 830); *Guthrie* v. *Hendley,* 7 *Ga. App.* 206 (66 S. E. 630); *Patterson* v. *Blease,* 19 *Ga. App.* 501 (91 S. E. 793); *Dockins* v. *Wilbanks,* 6 *Ga. App.* 680 (65 S. E. 689).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*