### 35109. OSTEEN v. OSTEEN.

NICHOLS, Chief Justice.

This court granted appellant's application for interlocutory appeal from an order of the trial court declaring the alimony statutes unconstitutional. The order in this case was entered after the decision in Orr v. Orr, —— U. S. —— (99 SC 1102, 59 LE2d 306) (1979) and *Stitt v. Stitt,* 243 Ga. 301 (253 SE2d 764) (1979). Subsequent to the order of the trial court, the General Assembly enacted Senate Bill 18 (Ga. L. 1979, p. 466), which cured the constitutional defect in the alimony statutes. The appellant contends that this court should apply the law as it now exists and reverse the trial court's order.

The appellee argues that to apply the new Act to this case would be a retroactive application of the Act in violation of the constitution. The order of the trial court granting a judgment on the pleadings on the issue of divorce stated: "Further Ordered, that the issues of alimony, child custody, child support, visitation rights and property disposition are hereby reserved for later determination in this case." In granting judgment on the issue of permanent alimony, the trial court continued to reserve the other disputed issues. Since no final judgment has been entered, no vested rights as to alimony have accrued at the present time.

In *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759) (1944), this court held: "The authorities are in

conflict on this question, but apparently the weight of authority is to the effect that a reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right under the prior law." See *Fulton County v. Spratlin,* 210 Ga. 447 (2) (80 SE2d 780) (1954); *State Hwy. Dept. v. Calhoun,* 114 Ga. App. 501 (151 SE2d 806) (1966); s. c. 223 Ga. 65 (153 SE2d 418) (1967).

There was no vested right in the appellee in the interlocutory order of the court, and no constitutional rights of the appellee here are involved. Therefore, this court will apply the law as it exists at the time of its judgment. That part of the trial court's order adjudging "that the Plaintiff-wife is not entitled to permanent alimony for herself in this action for divorce as a matter of law," is reversed and remanded for further proceedings in accordance with the provisions of Ga. L. 1979, p. 466.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., and Hill, J., who concur in the judgment only.*

ARGUED SEPTEMBER 10, 1979 — DECIDED SEPTEMBER 26, 1979 — REHEARING DENIED OCTOBER 16, 1979.

*William F. Braziel, Jr.,* for appellant.
*Jones, Osteen & Jones, Billy N. Jones, Charles M. Jones,* for appellee.