38238. HALL COUNTY BOARD OF COMMISSIONERS OF ROADS AND REVENUE et al. v. AGRI-BIO CORPORATION.

WELTNER, Justice.

Agri-Bio Corporation (Agri-Bio) is a producer of vaccine for use in the poultry industry, with production facilities located on an approximately 15-acre tract in Hall County, Georgia. The property is zoned "Residential I," and Agri-Bio's use is non-conforming.

Agri-Bio sought to have the tract rezoned from "Residential I" to "Planned Industrial Development" so that the existing production facilities might be expanded. The Hall County Planning Commission approved the rezoning request with certain modifications to Agri-Bio's plan. After a public hearing the Hall County Board of Commissioners denied the rezoning application. Agri-Bio then petitioned the Hall County Board of Zoning Appeals for an expansion of its non-conforming use and, after a hearing, this request was denied. Agri-Bio then filed in the Superior Court of Hall County an appeal from those decisions as well as a complaint in equity (denominated an "Appeal and Complaint") alleging that the zoning as applied to the subject property was unconstitutional. The Superior Court conducted an evidentiary hearing at which full transcripts of the hearings before each Board were introduced and additional evidence was received. The trial court held the existing zoning unconstitutional and ordered the property rezoned in a constitutional manner, and Hall County appeals.

Aside from challenging the sufficiency of the evidence to support the decision of the trial court, Hall County raises three procedural objections: (1) Agri-Bio failed to raise properly the issue of constitutionality before the Board of Commissioners, (2) Agri-Bio failed to exhaust its administrative remedies, in that completion of the direct appeal process is a prerequisite to the filing of a complaint in equity, and (3) the trial court erred in allowing Agri-Bio to present before it evidence which was not considered by the Board of Commissioners or the Board of Zoning Appeals.

We agree that Agri-Bio, in the proceedings before the body empowered to amend zoning classifications (the Hall County Board of Commissioners), failed properly to raise the issue of the constitutionality of the applicable zoning classification as required by *DeKalb County v. Post Properties,* 245 Ga. 214 (1) (263 SE2d 905) (1980).

Agri-Bio points out that at the hearing before the Board of Commissioners the County attorney read aloud the test set out in *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975), and the factors which should be considered in applying that test, as set out in *Guhl v. Holcomb Bridge Rd. Corp.* 238 Ga. 322 (232 SE2d 830) (1977). While that presentation may have aided in focusing the issues before the Board, it was insufficient to satisfy the requirements of *Post Properties,* supra.

As this holding is sufficient to resolve this appeal, we need not address the other procedural points.

*Judgment reversed. All the Justices concur, except Clarke and Smith, JJ., who dissent.*

DECIDED MARCH 2, 1982.

*Kenyon, Hulsey & Oliver, Julius M. Hulsey, Richard W. Story,* for appellants.
*Telford, Stewart & Stewart, Frank W. Armstrong,* for appellee.