## 38583. MANCINO v. WILLIAMS et al.

GREGORY, Justice.

Appellant is the owner of a tract of land in DeKalb County, currently zoned "office and institutional." On January 17, 1979, appellant filed a rezoning application with the DeKalb County Board of Commissioners, seeking a change in the zoning classification from "office and institutional" to "conditional commercial." On March 27, 1979, the DeKalb County Board of Commissioners denied appellant's application despite a recommendation from the DeKalb Planning Commission that the application be approved. On May 30, 1979 appellant filed a complaint in equity, seeking to have the existing zoning classification declared unconstitutional as applied to his property. Appellant concedes that he failed to raise this issue before the Board of Commissioners.

Subsequently appellees made a motion to dismiss appellant's complaint, urging that since appellant failed to raise the constitutional issue before the Board of Commissioners, he could not raise it for the first time in a suit in equity. *DeKalb County v. Post Properties,* 245 Ga. 214 (263 SE2d 905) (1980).[1] The motion to dismiss was denied by Judge E. T. Hendon. Stating that he was "bound by Judge Hendon's order," Judge Curtis Tillman conducted a bench trial on July 29, 1981 at which the sole issue was the constitutionality of the "office and institutional" zoning classification of appellant's property. The trial court reserved entry of judgment pending submission of briefs by the parties.

On October 7, 1981, prior to entry of judgment, appellees filed a second motion to dismiss appellant's lawsuit, pursuant to the authority of *Village Centers v. DeKalb County,* 248 Ga. 177 (281 SE2d 522) (1981) decided September 8, 1981. There we held that "after an application for rezoning is denied by the governing authority, any suit in equity attacking the zoning ordinance as applied to the property involved is time barred when no suit challenging the zoning classification is filed within 30 days of that decision." 248 Ga. at 180. Finding that appellant's lawsuit had not been filed within thirty days of the Board of Commissioners' denial of appellant's petition for rezoning, Judge Tillman granted appellees' motion to dismiss.

---

[1] There we held that "[a] constitutional attack on a zoning classification cannot be made for the first time in the superior court." 245 Ga. at 217. The rationale underlying this rule is "to afford the County Commissioners an opportunity to rectify the situation" if the zoning classification is, in fact, unconstitutional. 245 Ga. at 218.

Because appellant's complaint should have been dismissed under *DeKalb County v. Post Properties,* supra, we affirm. See, *Hall County Bd. of Commrs. v. Agri-Bio Corp.,* 249 Ga. 112 (288 SE2d 206) (1982). We, therefore, do not reach the question raised by appellant in this appeal of whether *Village Centers v. DeKalb County,* supra, should have prospective application only.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 1982.

*Westmoreland, Hall, McGee, Warner & Oxford, Clifford Oxford, Russell Mays,* for appellant.

*George P. Dillard,* for appellees.