## 39199. WALLER et al. v. STATE CONSTRUCTION INDUSTRY LICENSING BOARD.

WELTNER, Justice.

This is an appeal from a judgment rejecting state and federal due process and equal protection challenges to the "area licensing" provision of OCGA § 43-14-8 (e) (2) (A) (Code Ann. § 84-3809) insofar as it pertains to the licensing by the State of journeymen and master plumbers. Each of the appellants has demonstrated his ability as a plumber by years of experience, and by meeting local licensing requirements. One is a plumbing inspector for Fulton County.

As an exception to the statutory requirement of standing for a written examination, plumbers licensed by the State under the former law (Ga. L. 1968, p. 308 et seq., Code Ann. § 84-4701 et seq.) could apply for and receive during a limited time, a state-wide license under the present law upon establishing the prior issuance of state licenses, and the payment of fees. OCGA § 43-14-8 (e) (1) (Code Ann. § 84-3809). On the other hand, plumbers who were not licensed under the former state law, but who held, instead, plumbing licenses from counties and municipalities were exempt from the examination requirement of the new law *only* so as to permit them to practice plumbing in the localities in which they were formerly licensed. OCGA § 43-14-8 (e) (2) (A) (Code Ann. § 84-3809).

The Wallers contend that the distinction created by the exemption clause between formerly state-licensed and formerly locally-licensed plumbers is irrational and discriminatory under the federal and state constitutions.

Prior to passage of the new law, the Wallers obtained licenses as journeymen and master plumbers from the State's most populous localities, whereby they were permitted to work elsewhere in the state without incurring the costs of state-wide licensing.

Under the new law, localities are not permitted to impose qualifications as to competence upon plumbers, although business licenses may be required as revenue measures. OCGA § 43-14-13 (Code Ann. § 84-3814), Ops. Att'y. Gen. U80-31. Hence, the Wallers'

practice now is limited to those localities specified in their state-issued "area licenses."

Also challenged are the broad exemptions from the licensing requirements extended by OCGA §§ 43-14-15 and 43-14-16 (Code Ann. §§ 84-3816, 84-3813).

However, we will not treat these attacks as they were raised initially in the superior court, rather than before the State Construction Industry Licensing Board, hence are untimely. *DeKalb County v. Post Properties, Inc.,* 245 Ga. 214, 217 (1) (263 SE2d 905) (1980).

1. The State insists that OCGA § 43-14-8 (e) (Code Ann. § 84-3809) creates a rational classification between formerly state-licensed plumbers and locally-licensed plumbers, pointing out that many local jurisdictions adopted their own plumbing codes before adoption of a state-wide plumbing code, and that these local codes have been permitted to exist after adoption of the state code. OCGA § 8-2-25 (Code Ann. § 40-2951). The State asserts that "the only way for the State to insure a plumber's competency and familiarity with statewide plumbing codes and procedures is to either require an examination, to recognize a previously-held State license, or to recognize a local plumber's qualifications to continue to practice in that particular area."

We do not agree. A plumber who obtained a state-wide license under the former state licensing law simply by proof of his business license (Code Ann. § 84-4706) is neither more nor less apt to be familiar with the current state plumbing code than a plumber who formerly was licensed only in certain counties or cities. However, a formerly state-licensed plumber could have obtained a current state-wide license *without* examination, whereas a formerly locally-licensed plumber may be licensed by the State without examination only in those localities where he was licensed locally. The classification thus denies to a locally-licensed plumber who *is* familiar with the state-wide plumbing code the privileges granted to a formerly state-licensed plumber who has *no* familiarity with the state plumbing code. In this, the classification fails to relate rationally to the legislative purpose of protecting persons from plumbing practices that are "faulty, inadequate, inefficient or unsafe," OCGA § 43-14-1 (Code Ann. § 84-3801), and fails to meet the equal protection and the due process provisions of our State Constitution. Art. I, Sec. I, Par. I, Constitution of Georgia, 1976 (Code Ann. § 2-101), Art. I, Sec. II, Par. III, Constitution of Georgia, 1976 (Code Ann. § 2-203). *Jenkins v. Manry,* 216 Ga. 538 (118 SE2d 91) (1961); *Gregory v. Quarles,* 172 Ga. 45 (157 SE 306) (1930).

We hold that OCGA § 43-14-8 (e) (2) (A) (Code Ann. § 84-3809)

is unconstitutional insofar as it denies to formerly locally-licensed plumbers the rights extended to formerly state-licensed plumbers by OCGA § 43-14-8 (e) (1) (Code Ann. § 84-3809).

2. We cannot know whether, under these circumstances, the General Assembly would prefer to require all plumbers formerly licensed by the State or localities to stand for written examination (or otherwise to give evidence of competence), or to be admitted without examination upon proof of former licensing and payment of fees. In these circumstances, because " '. . . the objectionable part is so connected with the general scope of the statute that, . . . [when it is] stricken out, effect cannot be given to the legislative intent, the rest of the statute must fall with it.' " *City Council of Augusta v. Mangelly,* 243 Ga. 358, 363 (254 SE2d 315) (1979).

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 25, 1983 —
REHEARING DENIED FEBRUARY 15, 1983.

Richardson, Chenggis, Constantinides & Mallis, Platon P. Constantinides, for appellants.

Michael J. Bowers, Attorney General, Ray O. Lerer, Assistant Attorney General.