41248, 41249. STATE BOARD OF EQUALIZATION et al. v.
TRAILER TRAIN COMPANY et al. (two cases).
(320 SE2d 758)

WELTNER, Justice.

The State Board of Equalization and the Department of Revenue appeal from a judgment holding that former OCGA § 48-2-18 (which provided that the Board shall be composed of three officeholders from the executive branch and two from the legislative branch) violated the separation of powers provision of the 1983 Georgia Constitution, Art. I, Sec. II, Par. III.

This constitutional issue was not raised before the agency, but on appeal to the superior court.

We have required litigants to raise the constitutionality of applicable zoning classifications before that body having authority to re-

zone. *DeKalb County v. Post Properties*, 245 Ga. 214, 218 (263 SE2d 905) (1980); *Board of Commrs. v. Agri-Bio Corp.*, 249 Ga. 112, 113 (288 SE2d 206) (1982). This same rule has been applied to constitutional challenges first raised in the superior courts, rather than in the state agency in which proceedings commenced. *Waller v. State Constr. Indus. Licensing Bd.*, 250 Ga. 529, 530 (299 SE2d 554) (1983). The reason for this requirement is to give to the appropriate body — at the first instance — an opportunity to "rectify the situation." *Post Properties*, supra at 218.

That rationale is equally as applicable to constitutional challenges to the composition of a public body as it is to other constitutional attacks.

As the constitutional issue had not been raised before the Board of Equalization, it was beyond the reach of the superior court.

*Judgment reversed. All the Justices concur, except Bell, J., who dissents.*

DECIDED OCTOBER 1, 1984 —
REHEARING DENIED OCTOBER 29, 1984.

*Michael J. Bowers, Attorney General, Warren R. Calvert, Assistant Attorney General,* for appellants.

*Powell, Goldstein, Frazer & Murphy, James D. Levine, Nickolas P. Chilivis, Terrence J. Benshoof, David C. Garrett III, James R. Schulz,* for appellees.