S00A2081. THE STATE v. HARTRAMPF et al.

(544 SE2d 130)

HINES, Justice.

Hartrampf and Action Outdoor Advertising, LLC, were charged with 168 criminal violations of Cobb County's sign ordinances. The alleged violations stem from Sign Ordinance § 134-346, which regulates the conditions under which existing off-premises advertising signs may be perpetuated. The trial court found that, as applied in this case, Sign Ordinance § 134-346 effected an unconstitutional taking by preventing the repair of a "grandfathered" non-conforming sign without compensation for the sign. The State appeals[1] and for the reasons which follow, we affirm.

In 1981, Cobb County issued a permit authorizing a billboard standing on a .487 acre parcel of land at the intersection of I-75 and Windy Hill Road. In 1982 the Georgia Department of Transportation condemned .144 acre of the property where the sign was located. As a result, the lot was reduced to approximately .34 acre. The sign itself was not affected by the condemnation, but the parcel was now smaller than the .46 acre required under the County's zoning ordinance for lots containing off-premises advertising signs.[2]

In November 1997, Action Outdoor acquired the property on which the sign was located. The sign was owned by Eller Media, which leased the space for it from Action Outdoor. In March 1998, Action Outdoor informed Eller it would terminate the lease in 60 days. Less than a month later, a tornado damaged the sign. Action Outdoor took possession of the sign 60 days after its notice to Eller.

Following the tornado, but prior to Action Outdoor's possession of the sign, Cobb County informed Eller, the permit holder of record, that as a result of the damage, the permit was revoked. Subsequently, Cobb County placed stop work order notices on the sign. Nonetheless, after taking possession of the sign, Action Outdoor repaired it at a cost of $3,900. Cobb County filed the present accusation against Action Outdoor and Hartrampf, Action Outdoor's managing member, and the

---

[1] See OCGA § 5-7-1 (a) (1).

[2] Annual permits for the sign were issued by Cobb County until 1998; no variance based on the lot size was ever requested.

court granted Hartrampf and Action Outdoor's Special Demurrer, finding Sign Ordinance § 134-346 unconstitutional as applied.

But we do not reach the court's ruling that the ordinance's application violates the takings clauses of the Federal and State Constitutions. This appeal is controlled by the language of OCGA § 32-6-83. That Code section provides in pertinent part that

> [a]ny . . . county is authorized to acquire by purchase, gift, or condemnation and to pay just compensation for any property rights in outdoor advertising signs, displays, and devices which were lawfully erected but which do not conform with the provisions of any lawful ordinance, regulation, or resolution or which at a later date fail to comply with the provisions of any lawful ordinance, regulation, or resolution due to changed conditions beyond the control of the sign owner. No . . . county shall remove or cause to be removed any such nonconforming outdoor advertising sign, display, or device without paying just compensation.

Cobb County Sign Ordinance § 134-346 (a) states that signs legally existing on the January 9, 1990 effective date of the ordinance may remain, even if they do not conform to all that is required by the County Sign Ordinances, but that they may not be enlarged, reconstructed, or replaced; sign messages may be changed. Such signs may be kept "in good repair." Cobb County Sign Ordinance § 134-346 (b). And

> [o]ver time, it is anticipated that nonconforming usages shall eventually be eliminated. As a consequence, when a nonconforming sign is destroyed or toppled by an act of God, weather or whatever other means, this shall not constitute sufficient reason for grant of a variance to reerect the nonconforming sign.

Cobb County Sign Ordinance § 134-346 (h). If a sign does not meet the requirements of the ordinance, the county "may cause the removal" of the sign. Cobb County Sign Ordinance § 134-346 (f). Thus, the ordinance operates to create the situation prohibited by OCGA § 32-6-83; assuming that a sign has been damaged and, under the ordinance is in a condition so as not to be repaired, the ordinance effects its removal without compensation. Here, criminal charges were based on the premise that, under the ordinance, the sign was in a condition such that repair was prohibited, and this application of the ordinance violates OCGA § 32-6-83. Local ordinances may not conflict with State statutes. Ga. Const. of 1983, Art. III, Sec. VI, Par. IV (a). Thus, the proposed application of the ordinance would violate

the State Constitution. See *Jenkins v. Jones*, 209 Ga. 758 (75 SE2d 815) (1953).

The County contends that OCGA § 32-6-83 does not apply because Action Outdoor did not have a lawful right to use the sign at the time of the tornado damage because the lot was a non-conforming size and had no means of ingress and egress.[3] However, the lot size and access problems were a result of the 1982 condemnation, and were "changed conditions beyond the control of the sign owner." OCGA § 32-6-83. It is undisputed that prior to the condemnation, the sign was a lawfully erected and existing structure, and that the 1982 condemnation did not condemn the sign, only a portion of the lot. If the sign placement was rendered illegal by the condemnation and consequent failure to comply with the County's ordinance, the County could not, under OCGA § 32-6-83, "cause [it] to be removed" by operation of an ordinance without compensation. Similarly, any tornado damage to the sign that resulted in the sign's failure to meet ordinance requirements was a "changed condition[ ] beyond the control of the sign owner," and no ordinance could result in the sign's removal without compensation. Cobb County Sign Ordinance § 134-346 is inapplicable here because it would operate to do that which OCGA § 32-6-83 declares it may not do.

The County also urges that Action Outdoor is not the sign owner, and contends that Eller disputes that the sign has become the property of Action Outdoor.[4] However, it cannot be said as a matter of law, or as a matter of fact, that the trial court erred in its finding that Action Outdoor was the proper party due to Eller's abandonment of the sign. See OCGA § 44-7-12.[5]

Also, the trial court found that the sign was not "destroyed or toppled" by the tornado, within the meaning of Cobb County Sign Ordinance § 134-346 (h). Although the County urges that the language of the ordinance should be read in its normal meaning, and that "topple" should be read as "cease to be stable on a base and fall," that does not aid the County's position; even if the sign was shown to be unstable, there is no evidence that it fell. We cannot say that the trial court erred in finding that the sign was not "destroyed or toppled." Evidence showed that the sign's $3,900 repair cost was approx-

---

[3] It is undisputed that after the 1982 condemnation the sign was continually maintained.

[4] The County also argues that the trial court erred in finding that the revocation of the permit "provided no notice or opportunity for affected parties to be heard" because Eller Media was the permit holder of record at the time of the revocation and was given notice. However, given the County's criminal accusations against Hartrampf and Action Outdoor, it cannot be said that the trial court erred in implicitly finding that they were "affected parties."

[5] Eller Media was not a party in the case below.

imately 13 percent of the sign's replacement value and resulted in no expansion of its size. Accordingly, the court did not err in finding that the repair of the sign did not require a permit.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 2, 2001.

Barry E. Morgan, Solicitor, John D. Thalhimer, Fred D. Bentley, Jr., Nancy I. Jordan, Debra H. Bernes, for appellant.

Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling, Scott W. Peters, for appellees.