S01A0859. OUTDOOR SYSTEMS, INC. v. COBB COUNTY et al.
(555 SE2d 689)

CARLEY, Justice.

Outdoor Systems, Inc. (Outdoor) owns property in Cobb County on which an advertising sign is located. Because the parcel is put to no other use, the sign is considered "off-premises." Cobb County adopted a Sign Ordinance which prohibited any new off-premises signs, but allowed existing ones to remain, subject to certain conditions. Section 134-346 of the ordinance permitted only minor maintenance and upkeep of nonconforming signs and provided that, when such a sign was destroyed or toppled by an Act of God, a variance would not be issued to re-erect it. After its sign was damaged in a tornado, Outdoor restored it. However, the County contended that Outdoor had made more than minor repairs, and revoked the permit, relying on § 134-346 of the ordinance. Outdoor appealed to the Cobb County Board of Zoning Appeals (BZA), which affirmed. It then appealed the revocation by petitioning the superior court for a writ of certiorari, and also sought a declaratory judgment as to the unconstitutionality of the Sign Ordinance. The superior court granted summary judgment in favor of Cobb County as to all claims, and Outdoor appeals that order.

1. Outdoor contends that summary judgment was erroneous because § 134-346 conflicts with OCGA § 32-6-83 and is, therefore, void and unenforceable under Art. III, Sec. VI, Par. IV (a) of the Georgia Constitution. OCGA § 32-6-83 requires the payment of "just compensation" when a county acquires an owner's property rights in a nonconforming outdoor advertising sign. The Sign Ordinance makes no provision for compensating the owners of off-premises signs whose permits are revoked pursuant to § 134-346. However, Cobb County urges that we cannot address the constitutionality of its ordinance because Outdoor failed to raise that question before the BZA.

It is true that a challenge to the constitutionality of an ordinance cannot be mounted for the first time in the superior court. *State Bd. of Equalization v. Trailer Train Co.*, 253 Ga. 449, 450 (320 SE2d 758) (1984). However, a more relaxed standard applies when raising the initial constitutional attack before the local zoning authority. *Ashkouti v. City of Suwanee*, 271 Ga. 154 (516 SE2d 785) (1999). Because the BZA cannot adjudicate a constitutional claim, and can only act legislatively, Outdoor's challenge need not be as specific as that which it was required to make before the superior court. "[T]he requirement of notice is afforded to [the BZA] so that [it] may amend the zoning ordinance if it needs to be amended, not so [the BZA] can hold the ordinance constitutional or unconstitutional." *DeKalb County v. Bremby*, 252 Ga. 510, 511 (2) (314 SE2d 900) (1984). The stricter standard for assertion of a constitutional challenge, set forth in *O S Advertising Co. v. Rubin*, 263 Ga. 761, 764 (3) (438 SE2d 907) (1994), continues to apply in a judicial forum, but it is "inapplicable in the legislative forum. [Cit.]" *Ashkouti*, supra at 156. The record in this case shows that Outdoor met the applicable less strenuous *Ashkouti* standard. In the hearing before the BZA, its counsel announced a challenge to the constitutionality of § 134-346 on numerous occasions, including the following:

> [I]f you were to construe the ordinance as argued by the County, this ordinance would be unconstitutional; and, further, not only would the ordinance be unconstitutional, but the action, the governmental action of the County, would constitute a taking of property without payment of compensation.

This clearly gives the BZA " 'fair notice that a constitutional challenge is being raised.' [Cit.]" *Ashkouti*, supra at 155. Outdoor informed the zoning authority of its contention that § 134-346 was unconstitutional and should be amended to provide just and adequate compensation for the taking of its property. "That is all that [Outdoor was] required to do. [Cit.]" *Ashkouti*, supra at 156. Thus, a sufficient attack on the constitutionality of the ordinance was raised in the BZA.

Moreover, in *State v. Hartrampf*, 273 Ga. 522, 523 (544 SE2d 130) (2001), which was decided just six months ago, we held that § 134-346 violates the Georgia Constitution because it "operates to create the situation prohibited by OCGA § 32-6-83; assuming that a sign has been damaged and, under the ordinance is in a condition so as not to be repaired, the ordinance effects its removal without compensation." Here, Cobb County revoked Outdoor's permit in reliance on § 134-346, contending that the sign, as the result of an Act of God,

was in a condition such that repair was prohibited. Cobb County does not contend that, in revoking the permit under § 134-346, it paid Outdoor the compensation mandated by OCGA § 32-6-83. Thus, it effectuated a removal of the sign without the compensation mandated by state law. Under these circumstances, "application of the ordinance would violate the State Constitution. [Cit.]" *Hartrampf*, supra at 523-524.

Therefore, the dispositive issue is whether Cobb County can now rely upon an admittedly unconstitutional ordinance in defense of this appeal. Compare *State Bd. of Equalization v. Trailer Train Co.*, supra. An appellate court must apply the law as it exists at the time of its judgment and may, therefore, even reverse a judgment that was correct at the time it was rendered, where, as here, the law has changed in the meantime and no vested rights are impaired. *Fulton County v. Spratlin*, 210 Ga. 447 (2) (80 SE2d 780) (1954). See also *Osteen v. Osteen*, 244 Ga. 445 (260 SE2d 321) (1979); *Central of Ga. R. Co. v. Gwynes*, 153 Ga. 606 (113 SE 183) (1922) (judicial notice in certiorari actions). Cobb had no vested right in enforcement of one of its ordinances which conflicts with OCGA § 32-6-83 and which is, therefore, unconstitutional. See generally *Stauffer Chemical Co. v. Pop's Top Shop*, 140 Ga. App. 620 (231 SE2d 546) (1976). As to Outdoor's constitutional challenge to § 134-346, the superior court erred in granting summary judgment in favor of Cobb County.

2. Remaining enumerations of error are moot.

*Judgment reversed. All the Justices concur, except Sears, P. J., Benham and Hines, JJ., who dissent.*

HINES, Justice, dissenting.

The majority opinion essentially requires nothing more than that a party intone before an administrative body that an ordinance is unconstitutional in order to preserve any and all arguments that the ordinance is unconstitutional. Therefore, I must respectfully dissent.

Outdoor contends that application of the sign ordinance offends OCGA § 32-6-83.[1] If true, the ordinance would violate Article III, Section VI, Paragraph IV (a) of the State Constitution. See *State v. Hartrampf*, 273 Ga. 522, 523-524 (544 SE2d 130) (2001), which Outdoor

---

[1] OCGA § 32-6-83 provides in part that

[a]ny . . . county is authorized to acquire by purchase, gift, or condemnation and to pay just compensation for any property rights in outdoor advertising signs, displays, and devices which were lawfully erected . . . [but] which at a later date fail to comply with the provisions of any lawful ordinance, regulation, or resolution due to changed conditions beyond the control of the sign owner. No . . . county shall remove or cause to be removed any such nonconforming outdoor advertising sign, display, or device without paying just compensation.

contends controls this case. But Outdoor did not make a challenge concerning OCGA § 32-6-83 or *Hartrampf* until its "Second Amendment to Petition for Writ of Certiorari and Complaint," which was not filed until the County's motion for summary judgment was pending in the superior court, well over a year after the BZA had acted. A challenge to the constitutionality of an ordinance cannot be raised for the first time in the superior court, but must be raised in the administrative proceedings below so that the appropriate body has an opportunity to "rectify the situation." *State Bd. of Equalization v. Trailer Train Co.*, 253 Ga. 449, 450 (320 SE2d 758) (1984). Neither Outdoor's written appeal to the BZA, nor its statements at the BZA hearing, made any mention of any conflict between the ordinance and OCGA § 32-6-83. By not making this challenge until the case was before the superior court, Outdoor prevented the BZA from taking any action to rectify the matter, assuming that application of the ordinance would run afoul of the statute, as application of the ordinance did in *Hartrampf*, supra. Therefore, this challenge was waived. *State Bd. of Equalization*, supra.

The majority decides that Outdoor raised a "sufficient attack" on the constitutionality of the ordinance before the BZA. But Outdoor is required to do more before the BZA than merely intone that the ordinance is unconstitutional; what the majority refers to as a "relaxed standard" is, in fact, considerably more exacting. Under *Ashkouti v. City of Suwanee*, 271 Ga. 154, 155-156 (516 SE2d 785) (1999), Outdoor must put the BZA on "fair notice" of the constitutional challenge, and "fair notice" is that which would put the BZA "on notice that [Outdoor was] challenging the constitutionality of the existing [ordinance], and [which] focused the [BZA]'s attention upon the factors which might have rendered the classification unconstitutional." Merely stating that the ordinance was unconstitutional did not achieve that in regard to any challenge based on OCGA § 32-6-83. Nor was this achieved by Outdoor's contention that application of the ordinance would constitute a taking under the Fifth Amendment to the United States Constitution by depriving Outdoor of *all* economically viable use of the property. See *Lucas v. South Carolina Coastal Council*, 505 U. S. 1003, 1019 (112 SC 2886, 120 LE2d 798) (1992). That is the only claim Outdoor made to the BZA, in writing or orally. But OCGA § 32-6-83 is concerned merely with the removal of signs. OCGA § 32-6-83 does not address whether operation of the ordinance would deprive Outdoor of all economically viable use of its property, nor does an argument of a Fifth Amendment taking involve specific questions pertaining to OCGA § 32-6-83.[2] It is only the separate tak-

---

[2] Among issues which are crucial to the question of whether OCGA § 32-6-83 may

ing challenge that Outdoor made before the BZA.

Further, the majority mischaracterizes this Court's opinion in *Hartrampf*, supra. *Hartrampf* did not declare that Ordinance § 134-346 operates unconstitutionally in every instance, but ruled that the specific application at issue there did so. Id. at 523-524. For Outdoor to claim the benefit of the application of the principle addressed in *Hartrampf*, Outdoor must timely raise the claim that application of the ordinance in its case would violate OCGA § 32-6-83. It did not do so. It is not the County that is attempting to rely on what the majority labels an unconstitutional ordinance, but Outdoor which is attempting to rely on an argument concerning the application of that ordinance which it simply did not advance before the BZA. As the BZA was given no opportunity to address the argument, and in fact never heard of this attack on the ordinance until more than a year had passed after it acted, this Court cannot, at least by its precedents to date, countenance the untimely assertion that the ordinance conflicts with OCGA § 32-6-83 and therefore violates Article III, Section VI, Paragraph IV (a) of the State Constitution.

We should affirm the trial court on this issue and address the remaining enumerations of error.

I am authorized to state that Presiding Justice Sears and Justice Benham join in this dissent.

DECIDED NOVEMBER 19, 2001 —
RECONSIDERATION DENIED DECEMBER 14, 2001.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling, Scott W. Peters*, for appellant.

*Freeman, Mathis & Gray, John D. Thalhimer, Bentley, Bentley & Bentley, Fred D. Bentley, Jr., Debra H. Bernes, Coleen D. Hosack*, for appellees.

---

apply, but which are outside a takings analysis, are whether any violation of the ordinance was "beyond the control of the sign owner," or its predecessor in title, and whether the sign was "lawfully erected." The County contested these issues in the superior court after Outdoor raised them in its "Second Amendment to Petition for Writ of Certiorari and Complaint." The County did not raise these issues before the BZA as they were simply not relevant to the taking question and Outdoor had not yet introduced any challenge based on OCGA § 32-6-83.