### 35362. DeKALB COUNTY et al. v. POST PROPERTIES, INC. et al.
### 35363, 35364. VARRIEUR et al. v. DeKALB COUNTY et al.

HILL, Justice.

Brunette M. Spruill has owned approximately thirty-four (34) acres of land at the intersection of Ashford-Dunwoody Road and I-285 in DeKalb County since 1931.[1] The property is bisected by Ashford-Dunwoody Road into a 23-acre tract and an 11-acre tract. On or about May 15, 1978, Ms. Spruill entered into two contracts for the sale of the property to Post Properties, Inc., subject to Post Properties obtaining a zoning reclassification from R-100 to RM-100.[2] Post Properties, Inc., intended to develop the property as a luxury garden apartment complex.

On May 26, 1978, Post Properties, Inc., filed a conditional zoning application and a site plan showing the proposed development with the Board of Commissioners of DeKalb County seeking the adoption of a resolution changing the zoning classification from R-100 to RM-100, conditional. The planning department reviewed the application and recommended that the property be rezoned R-A5, cluster housing, condominiums, single family attached dwellings. The planning department suggested that the RM-100 application could be approved if it were modified, as follows: "(1) Access shall be to Ashford-Dunwoody Road only; (2) There shall be only one point of access from each tract at a point to be determined by the Traffic Engineer; (3) A 50' buffer shall be maintained along the R-100 boundaries to the east, west and south; (4) Development shall be no closer than 200' to Lake Hearn Drive on the westernmost tract. Conditional R-A5 is recommended by the staff based on current

---

[1] Ms. Spruill and her husband acquired the property from his father in 1931; her husband died in 1971, leaving her the sole owner.

[2] R-100 is a single family residential classification. RM-100 is a multiple family residential classification.

density recommendations of the Comprehensive Plan (0-5 units/acre). If the RM-100 request were modified to include similar conditions as above and reduce density to less than 10 units/acre, it would be consistent with Plan recommendations (low-medium density) at the time of the preapplication conference on 8-9-77 and the original date of filing on 11-21-77."

On July 5, 1978, Post Properties amended its application, reducing the requested density from 12 to 9 units per acre. On July 11, 1978, the DeKalb County Planning Commission heard the matter and recommended denial of the application by a three-two vote. On July 25, 1978, the Board of Commissioners denied the application by a five-zero vote, with two members abstaining.

On January 9, 1979, Post Properties and Ms. Spruill filed this action seeking to have the R-100 classification declared unconstitutional and to enjoin the defendants from preventing them from using the property in accordance with their rezoning application. Trial was set for March 21, 1979, but was rescheduled for April 25, 1979. On April 13, 1979, John Varrieur and other members of an alleged class of property owners with an interest in the matter filed a motion to intervene and a proposed answer to the complaint. The proposed intervenors did not obtain a pretrial hearing on their motion. Plaintiffs moved that the motion to intervene and intervenors' answer be denied and disallowed. Plaintiffs' motion was set for hearing upon the call of the matter for trial. Following the hearing, the motion to intervene was denied. Counsel for the intervenors and for Post Properties stipulated that "the motion to intervene was denied by the Court, and counsel for the intervenors has been allowed to participate with counsel for the defendants [the county] in these proceedings." Intervenors' counsel did so participate, cross examining plaintiffs' witnesses and calling witnesses of their own. The intervenors, represented by new counsel, have appealed the denial of their motion to intervene.[3]

_____

[3] In addition to their brief in the appeal of this issue,

The trial court ruled that the R-100 zoning was unconstitutional and held: "The Court concludes that no single-family classification of the subject property has a substantial relation to the protection of the public health, safety, morality or general welfare of the community and any protection which might be afforded by such single-family classification is far less significant than the damage which is suffered by the owner of the property, and is certainly not justified by any benefit to the public."[4]

The county has appealed, enumerating the following errors: "1. The trial court erred in holding that *no* single-family classification is suitable for the subject property. 2. The trial court erred in holding any future rezoning by defendants other than what plaintiffs desired was unsuitable in that said ruling, as such, precluded defendants from considering zoning other than what plaintiffs sought. 3. The trial court's holding in its entirety amounts to 'spot zoning' of the subject property." At the outset, we agree with Post Properties' contention that the county has not appealed the trial court's holding that the current R-100 zoning is unconstitutional. The first two enumerations do not appeal that ruling, and the third enumeration does not encompass that point.[5] Our

the intervenors filed an amicus curiae brief addressing the merits of the case.

[4] In their amicus brief, the proposed intervenors urge that the damage to the owner of the property is not the difference in the value of the property as zoned and its value if zoned as applied for, but is the diminution in the value of the property caused by the existing zoning vis-a-vis comparable property similiarly zoned. Proposed intervenors also urge that the public has a legally recognizable interest in maintaining the existing zoning classification. 1 Rathkoph, The Law of Zoning & Planning 2-17, § 2.02 (1979). The weight to be given these contentions will have to await an appropriate case.

[5] The third enumeration raises nothing on appeal; since the trial court has no power to zone the property, its action cannot be challenged as spot zoning. See *City of Atlanta v. McLennan*, 237 Ga. 25, 26-28 (226 SE2d 732)

finding that the trial court's determination that the existing R-100 zoning is not challenged by the county on appeal is reinforced by the fact that nowhere in the county's brief is it argued that that specific determination was erroneous. Furthermore, the argument division of Post Properties' brief begins by saying "Appellants do not enumerate as error the finding of the trial court that the existing zoning classification of R-100 is unconstitutional as applied to the subject property. Therefore, the question on appeal involves the lower court's ruling that all other single family classifications are unconstitutional." The county's supplemental brief filed thereafter does not contest that statement.

1. The county's first two enumerations challenge the trial court's ruling that no single family zoning classification can be constitutionally applied to the property. It is unnecessary to review the evidence presented at the trial which is alleged to provide support for that ruling in view of the fact that the record does not disclose any challenge having been made to any classification other than R-100 before the county commissioners.[6] A constitutional attack on a zoning classification cannot be made for the first time in the superior court. *International Funeral Services, Inc. v. DeKalb County*, 244 Ga. 707 (n.2) (1979); *Sparks v. Caldwell*, 244 Ga. 530 (1979); *Harrison v. Southern Talc Co.*, 245 Ga. 212 (1980).

Additionally, no constitutional attack on intervening classifications was alleged even in the superior court. (We do not view the prayer for relief that "Defendants be temporarily and permanently restrained

---

(1976). To the extent that this enumeration can be read to challenge the trial court's action as having, in effect, granted the rezoning application, it is duplicative of the first two enumerations.

[6] In fact, the record does not reveal what single family zoning classifications other than R-100 have been declared unconstitutional by the trial court's order. Hence a review of the evidence vis-a-vis the unspecified zoning classifications would be pointless.

and enjoined from preventing plaintiff from using said property in accordance with its rezoning application" as sufficient to state a constitutional attack on the intervening classifications.) Although the technicalities involved in raising constitutional questions have been relaxed, see *Grantham v. State,* 244 Ga. 775 (1979), it is still required that: "In order to raise a question as to the constitutionality of a 'law,' at least three things must be shown: (1) the statute or the particular part or parts of the statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution, which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or some designated part of it, violates such constitutional provision." *Richmond Concrete Products Co. v. Ward,* 212 Ga. 773, 774 (95 SE2d 677) (1956).[7] The proper constitutional challenge to intervening zoning classifications not having been made before the County Commissioners so as to afford the County Commissioners an opportunity to rectify the situation, the superior court erred in declaring all single family classifications unconstitutional as applied to this property. The only issue raised before the County Commissioners and hence the only issue properly before the court was the constitutionality of the R-100 classification. The case must be remanded to the County Commission for rezoning in accordance with the trial court's order that the R-100 classification is unconstitutional.[8]

2. The remaining issue is whether the trial court erred in denying the motion to intervene. The intervenors

---

[7] When properly raised, intervening classifications can be challenged in a suit for declaratory judgment. See Littlestone Co. v. County of Cook, 19 Ill. App. 3d 222 (311 NE2d 268, 277-78) (1974), cert. den., 420 U. S. 929 (1975).

[8] On remand, Post Properties is to be allowed to raise constitutional challenges to the intervening classifications before the County Commission if it chooses to do so. The 60 days specified in the trial court's order shall commence when the remittitur from this court is entered in the trial court.

argue that they come within Code Ann. § 81A-124(a)(2); that is, that they may intervene as of right. Code Ann. § 81A-124(a)(2) provides for intervention of right "when the applicant claims an interest relating to the property or transaction which is the subject-matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." This section requires a three-fold showing of (1) interest, (2) potential impairment, and (3) inadequate representation. See *Brown v. Truluck,* 239 Ga. 105, 106 (236 SE2d 60) (1977). Assuming without deciding that owners of adjacent and neighboring property satisfy the first two tests, we hold that where the interest of the intervenor is identical to that of a governmental body or officer who is a named party, it will be assumed that the intervenor's interests are adequately represented,[9] absent a "concrete showing of circumstances in the particular case that make the representation inadequate." 7A Wright & Miller, Federal Practice and Procedure: Civil 519, 529, § 1909. Even in Wolpe v. Poretsky, 144 F2d 505 (D.C. Cir.), cert. den. 323 U. S. 777 (1944), where the court found that the Zoning Commission's decision not to appeal amounted to inadequate representation, the court specifically noted, "We do not go so far as to hold that adequate representation requires an appeal in every case." Id. at 507. And as stated by Wright & Miller, supra, § 1909, pp. 530-532, "The very rare cases in which a member of the public is allowed to intervene in an action which the United States, or some other governmental agency, represents the public interest are cases in which a very strong showing of inadequate representation has been

---

[9] The would-be intervenors argue that their interest differs from that of the county because they have a specific interest in the zoning of the property at issue while the county has only a generalized interest. Were we to adopt this rationale, intervention by the affected citizen or citizens would be authorized in numerous governmental cases.

made. A mere difference of opinion concerning the tactics with which litigation should be handled does not make inadequate the representation of those whose interests are identical with that of an existing party or who are formally represented in the lawsuit . . . Even a decision not to take an appeal is ordinarily within the discretion of the representative . . ." This is not to say that there are not cases where the representation is inadequate. See, e.g., Joseph Skillken & Co. v. City of Toledo, 528 F2d 867 (6th Cir. 1975). But this is not such a case. Here the interest of the would-be intervenors is identical to that of the defendant county and there is no showing that the county has been less than diligent in defending the suit. Thus the would-be intervenors did not come within the purview of Code Ann. § 81A-124 (a) (2).

Alternatively, they argue that the trial court abused its discretion in not allowing them to intervene pursuant to Code Ann. § 81A-124 (b) (2). The motion to intervene was made three months after suit was filed and only shortly before trial. Although the motion was denied, intervenors' counsel was allowed to participate in the trial. Intervenors made no effort to have their motion decided before trial. On appeal they urge that intervention should have been allowed so that intervenors could have conducted discovery and obtained the services of an expert. This would have delayed the trial. We find no abuse of discretion in denying intervention on these facts.

*Judgment in Case No. 35362 reversed. All the Justices concur, except Bowles, J., who concurs in the judgment only. Judgment in Cases Nos. 35363 and 35364 affirmed. All the Justices concur.*

ARGUED SEPTEMBER 19, 1979 — DECIDED JANUARY 8, 1980 — REHEARING DENIED JANUARY 24, 1980 in CASE NO. 35362.

*James H. Weeks,* for appellants (Case No. 35362).
*Dillard & Shearer, G. Douglas Dillard,* for appellees (Case No. 35362).
*McCauley, Owen & Sweeney, Timothy J. Sweeney, Jeffrey N. Plowman,* for appellants (Cases Nos. 35363,

35364).

*Douglas Dillard, James H. Weeks,* for appellees (Cases Nos. 35363, 35364).

ON MOTION FOR REHEARING.

On motion for rehearing, Post Properties urges that the intervening classifications were considered by the Board of Commissioners when the rezoning application was heard. The fact that, in rejecting a rezoning application, the board may have "considered" the intervening classifications does not relieve the rezoning applicant of the requirement of making a proper constitutional challenge to the intervening class-ifications. *Richmond Concrete Products Co. v. Ward,* 212 Ga. 773 (95 SE2d 677) (1956).

*Motion for rehearing denied.*