## 40761. DeKALB COUNTY v. BREMBY.

HILL, Chief Justice.

We granted this interlocutory appeal from the denial of DeKalb County's motion for summary judgment in this zoning case. The issues involved are whether the property owner waived his constitutional claim by failing to raise it before the board of commissioners and whether, in overruling the county's motion for summary judgment, the trial court also erred in sua sponte requiring a jury trial. We will consider these issues in reverse order.

1. Some zoning applications are addressed solely to the discretion of the zoning authority. Others challenge the constitutionality of the existing zoning and these, if denied, present questions of law for the courts. *Guhl v. Pinkard,* 243 Ga. 129, 130 (252 SE2d 612) (1979); *Guhl v. Davis,* 242 Ga. 356, 358 (249 SE2d 43) (1978). However, as we made clear in *Guhl v. Davis,* supra at p. 358, the trial court may, if the court elects to do so, empanel a jury to resolve factual disputes by special interrogatories, from which the trial court can decide the ultimate constitutional issues. Thus, the trial court did not err here in sua sponte ordering a jury trial for this purpose.

2. After the property owner's application for rezoning from residential to conditional commercial use was denied by the board of commissioners, he filed suit in the superior court. DeKalb County sought summary judgment on the ground that the property owner was attempting to raise the unconstitutionality of the residential zoning for the first time in the superior court. The property owner urged that the constitutional challenge had been raised. The trial court denied the county's motion and certified its order. This interlocutory appeal followed.

"A constitutional attack on a zoning classification cannot be made for the first time in the superior court." *DeKalb County v. Post Properties, Inc.,* 245 Ga. 214, 217 (263 SE2d 905) (1980); *McCamy v. DeKalb County,* 246 Ga. 293 (271 SE2d 214) (1980). That is to say, a constitutional attack upon a zoning classification has to be raised before the board of county commissioners (zoning authority). This requirement affords the county commissioners an opportunity to amend the zoning ordinance to the classification sought or to an intermediate classification which is constitutional, and puts them on notice of possible litigation if they do not. Moreover, it focuses the commissioners' consideration on the factors affecting the constitutionality of the existing zoning classification. See *Guhl v. Holcomb Bridge Rd. Corp.,* 238 Ga. 322, 323-324 (232 SE2d 830)

(1977). On the other hand, boards of county commissioners hearing zoning applications are not sitting as judges, and the requirement of notice is afforded to them so that they may amend the zoning ordinance if it needs to be amended, not so they can hold the ordinance constitutional or unconstitutional. Therefore, we will not require that the constitutional issue be raised before the board with the particularity illustrated in footnote 1, below. What is required is that the county commissioners be given fair notice that a constitutional challenge is being raised.

The property owner here urges that the constitutional issue was properly raised before the board in his zoning application, where he stated his land was "unsuitable for any use except non-residential," and was presented to the board at the hearing when his attorney said, during his presentation, "From the looks of this property and the way it lies in the flood plain, we feel very strongly that it is not suited for residential development the way it's zoned right now."[1]

The property owner seeks to develop a 4 acre tract on Glenwood Road in DeKalb County for use as an automobile repair and paint shop, also to include the storage of some 40 damaged vehicles predating 1970 from which he sells used and reconditioned parts. Storage of wrecked automobiles is allowed only in an M-2 (conditional) zone; the current zoning is residential. Although a subdivision and a public park surround the 4 acre tract, Glenwood Road is otherwise commercially developed.

The entire discussion at the hearing before the board involved the use proposed by the property owner and the neighbors' objections to it, as well as the planning board's recommendation that the requested rezoning to M-2 be denied as spot zoning and incompatible with the other uses — both residential and commercial — already in the area, and most importantly, because the tract could not be developed as an M-2 use because applicable conditions under that

---

[1] This is much less than could be included in the rezoning application, of which the following is illustrative only:

"The zoning ordinance presently in effect, adopted on the —— day of ——, 19—, zoning this property [residential], is unconstitutional in that it renders this property unusable and destroys its marketability, and such zoning therefore constitutes a taking of applicant's property without just and adequate compensation and without due process of law in violation of the fourteenth amendment to the U. S. Constitution and Art. I, Sec. I, Par. 1 and Art. I, Sec. III, Par. 1(a) of the Constitution of Georgia." See *DeKalb County v. Post Properties, Inc.,* supra, 245 Ga. at 218. We do not by this illustration suggest that the foregoing is required to raise a constitutional challenge to a zoning ordinance before the board of commissioners.

classification could not be satisfied. The discussion focused on the proposed zoning change, not the existing zoning.

The statements quoted, on which the property owner relies, did not give the commissioners fair notice of a constitutional challenge being raised. The words "unsuitable" and "not suited for residential development" are not the equivalent of "unconstitutional taking of property" or "taking of property without just and adequate compensation."

We therefore find that the trial court erred in failing to grant summary judgment to DeKalb County, because the property owner's constitutional attack on the current zoning was not first raised before the board of commissioners.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 25, 1984.

*Greenfield, Ellis & Jenkins, Frank E. Jenkins III, J. Dianne Brinson,* for appellant.

*Paul D. Smith, Jr.,* for appellee.

*Shreeder, Wheeler & Flint, David H. Flint, Lynn C. Stewart, Alston & Bird, Peter M. Degnan,* amici curiae.