44730. COBB COUNTY BOARD OF COMMISSIONERS et al.
v. POSS et al.
(359 SE2d 900)

MARSHALL, Chief Justice.

In this appeal, the Cobb County Board of Commissioners is cast in the posture of appellant. Cast in the posture of appellees are three property owners, who sought a rezoning of their properties by the board on grounds that the zoning classification of their properties was unconstitutional. However, all parties seek a reversal of an order of the superior court remanding the appellees' three consolidated cases to the board for reconsideration. The remand was ordered on the ground that the property owners did not perfect their constitutional challenges to the zoning of their properties before the board. We agree that the remand was error, and we therefore reverse.

The three parcels of property involved in this case are located in the same immediate area of eastern Cobb County. Appellee Humphlet's property is a 4.5-acre tract located on the northwest quadrant of the Lower Roswell/Woodhaven Drive intersection. Appellee Poss' property is an 8.6-acre tract located on the southwest quadrant of the foregoing intersection. Appellee Brooks' property is a 2-acre tract, which is also located on the intersection's southwest quadrant and which adjoins the Poss property.

All properties were zoned R-20, which is a single-family residential zoning classification permitting an approximate density of two, detached dwelling units per acre. All appellees argued before the board that the single-family residential zoning of their properties was unconstitutional, and they requested that their properties be rezoned to O-I and N-S. O-I is a zoning classification permitting, with some exceptions, offices, institutions, and limited commercial activities, but prohibiting activities involving the sale, storage or processing of merchandise. N-S is a zoning classification permitting shopping centers, certain restaurants, and limited retail activities, all of which must be designed to serve the immediate neighborhood.

After considering the evidence presented by the appellees, as well as their constitutional challenges, the board denied their applications to rezone their properties to O-I and N-S. However, the board did rezone the appellees' properties to an intermediate zoning classification, to wit: O-I and RA-4. RA-4 is a zoning classification permitting single-family, owner-occupied, attached or detached dwelling units, with an allowable density of four units per acre.

Each appellee filed a complaint in equity in the Cobb Superior

Court, alleging that the O-I and RA-4 zoning of their properties is unconstitutional. After responsive pleadings were filed by the board, and after the discovery process had commenced, the actions filed by the appellees were consolidated because of common questions of law and fact presented for decision in each case.

The superior court conducted an evidentiary hearing, at which the appellees presented the "customary evidence" with respect to their alleged inability to use their properties as rezoned and the discrepancy in value between the properties as rezoned and as requested in the rezoning applications. At the conclusion of the appellees' presentation of their evidence, the board filed the motion for directed verdict, which the trial court took under advisement. After the evidentiary hearing had resumed and the board had presented part of its evidence, the trial court, sua sponte, notified counsel for the parties that the trial court would not consider any remaining evidence and the case would be remanded to the board for reconsideration.

Although the board raised no issue in superior court with respect to the sufficiency of the constitutional challenges raised by the appellees before the board, the superior court remanded the cases to the board because of the court's inability to determine, from the record, whether the appellees' constitutional challenges were perfected prior to the board's acting on the rezoning applications. As we read the superior court's order, in essence the court found three defects with respect to the constitutional challenges raised by the appellees before the board: first, the record is lacking in any substantive evidence presented by the appellees to the board in support of their constitutional challenges; second, the appellees' constitutional challenges centered upon the denial of their rezoning applications, rather than the intermediate zoning classification approved by the board; and, third, the board has not therefore actually, in good faith, considered the claim that the present zoning of the properties is unconstitutional.

1. The seminal decision imposing an "exhaustion of legislative remedies"[1] requirement in the area of zoning law is *DeKalb County v. Post Properties, Inc.*, 245 Ga. 214 (263 SE2d 905) (1980).

In that case, the subject property was zoned R-100, a single-family residential classification. The property owner filed an application with the local zoning authority, which in that case was the county, seeking to change the zoning classification to RM-100, conditional — RM-100 being a multiple-family residential classification. The zoning authority denied the application. The property owner appealed to superior court, seeking to have the R-100 classification declared unconstitutional. The trial court ruled that, under criteria set out in *Guhl v.*

---

[1] See Real Property, Brussack, 35 Mercer Law Review 257, 273 (1983).

*Holcomb Bridge Rd. Corp.*, 238 Ga. 322 (232 SE2d 830) (1977),[2] no single-family classification of the subject property would pass constitutional muster.

The county did not appeal the trial court's ruling that the R-100 zoning of the property was unconstitutional. However, the county did appeal the ruling that all other single-family classifications were unconstitutional, since, inter alia,[3] no challenge was made to any classification other than R-100 before the county commissioners. We agreed and reversed, holding, "[a] constitutional attack on a zoning classification cannot be made for the first time in the superior court. *International Funeral Services, Inc. v. DeKalb County*, 244 Ga. 707 (n. 2) (1979); *Sparks v. Caldwell*, 244 Ga. 530 (1979); *Harrison v. Southern Talc Co.*, 245 Ga. 212 (1980)." 245 Ga. at p. 217.

We identified the rationale for this holding as being that the county should have been given "an opportunity to rectify the situation" before the superior court declared all single-family classifications unconstitutional as applied to the property. Id. at p. 218.

In *Post Properties*, supra, we also noted that no constitutional attack on intervening classifications had even been alleged in superior court. In that connection, we observed, "[a]lthough the technicalities involved in raising constitutional questions have been relaxed, see *Grantham v. State*, 244 Ga. 775 (1979), it is still required that: 'In order to raise a question as to the constitutionality of a "law," at least three things must be shown: (1) the statute or the particular part or parts of the statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution, which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or some designated part of it, violates such constitutional provision.' *Richmond Concrete Products Co. v. Ward*, 212 Ga. 773, 774 (95 SE2d 677) (1956)." (Footnote omitted.) Id. at p. 218.

2. It was made clear in *DeKalb County v. Bremby*, 252 Ga. 510 (314 SE2d 900) (1984), that the foregoing tripartite requirement for

---

[2] As stated in *Guhl v. Holcomb Bridge Rd. Corp.*, supra: " '[C]ertain general lines of inquiry [with respect to the constitutional validity of a zoning ordinance] have been regarded as relevant, to wit: (1) existing uses and zoning of nearby property; (2) the extent to which property values are diminished by the particular zoning restrictions; (3) the extent to which the destruction of property values of the plaintiffs promotes the health, safety, morals or general welfare of the public; (4) the relative gain to the public, as compared to the hardship imposed upon the individual property owner; (5) the suitability of the subject property for the zoned purposes; and (6) the length of time the property has been vacant as zoned, considered in the context of land development in the area in the vicinity of the property.'*La Salle National Bank v. County of Cook*, 60 Ill.App. 2d 39, 51 (208 NE2d 430) (1965)." 238 Ga. at pp. 323-324.

[3] The county also argued that the trial court's holding, in its entirety, amounted to "spot zoning."

raising constitutional questions is applicable in the judicial forum, i.e., superior court, and not in the legislative forum, i.e., the local zoning authority.[4] There, we held, "a constitutional attack upon a zoning classification has to be raised before the board of county commissioners (zoning authority). This requirement affords the county commissioners an opportunity to amend the zoning ordinance to the classification sought or to an intermediate classification which is constitutional, and puts them on notice of possible litigation if they do not. Moreover, it focuses the commissioners' consideration on the factors affecting the constitutionality of the existing zoning classification. See *Guhl v. Holcomb Bridge Rd. Corp.*, [supra]. On the other hand, boards of county commissioners hearing zoning applications are not sitting as judges, and the requirement of notice is afforded to them so that they may amend the zoning ordinance if it needs to be amended, not so they can hold the ordinance constitutional or unconstitutional. Therefore, we will not require that the constitutional issue be raised before the board with the particularity illustrated in footnote 1, below. What is required is that the county commissioners be given fair notice that a constitutional challenge is being raised." 252 Ga. at pp. 510-511.[5] Accord *Moon v. Cobb County*, 256 Ga. 539 (350 SE2d 461) (1986).

3. The record in this case shows that the appellees did raise their constitutional objections before the board with the particularity illustrated in footnote 1 of *Bremby*.[6]

Specifically, the substance of their argument was that if the board denied their rezoning requests, such zoning action would violate Art. I, Sec. I, Par. I of the Georgia Constitution of 1983, on grounds that the rezoning action would constitute an abuse of the police power, in that the action would bear no substantial relation to the public health, safety, morality, or general welfare; hence, it would constitute a deprivation of property without due process of law. It was further argued that the zoning regulation would result in relatively little gain or benefit to the public, while inflicting serious injury or loss on the property owner and, therefore, would be confiscatory

---

[4] The superior court, in its remand order, concluded otherwise.

[5] Specifically, we held in *Bremby* that the property owner there did not properly raise his constitutional objection before the board of county commissioners, in that he had only argued that his property was not suitable for residential development. As to footnote 1 of *Bremby*, see note 6 infra.

[6] In footnote 1, this court in *Bremby* quoted the following constitutional challenge as "illustrative only: 'The zoning ordinance presently in effect, adopted on the _____ day of _____, 19_____, zoning this property (residential), is unconstitutional in that it renders this property unusable and destroys its marketability, and such zoning therefore constitutes a taking of applicant's property without just and adequate compensation and without due process of law in violation of the fourteenth amendment to the U. S. Constitution and Art. I, Sec. I, Par. I and Art. I, Sec. III, Par. I (a) of the Constitution of Georgia.'" 252 Ga. at p. 511.

and void. In addition, it was alleged that the Fifth and Fourteenth Amendments to the United States Constitution would be violated. Finally, it was alleged that the existing zoning of the properties was unconstitutional, in that it rendered the properties unusable and destroyed their marketability and, therefore, constituted a taking of property without just compensation and without due process of law, in violation of the Fourteenth Amendment to the United States Constitution, as well as Art. I, Sec. I, Par. I and Art. I, Sec. III, Par. I (a) of the Constitution of Georgia of 1983.

As previously stated, under *Bremby*, the constitutional challenge before the zoning authority need not be raised with such particularity. See note 6 infra. As held in *Bremby*, it is only necessary that the local zoning officials be given fair notice that a constitutional challenge is being raised, so as to afford them an opportunity to amend the zoning ordinance to the classification sought or to an intermediate classification which is constitutional.

Such notice was given in this case. Consequently, the appellees did perfect their constitutional challenges before the board of commissioners so as to authorize them to go into superior court and challenge the constitutionality of the intermediate classification approved by the board.

4. With respect to the trial court's ruling that there is no evidence in the record concerning the substantive evidence presented by the appellees to the board in support of their constitutional challenges, we note the following.

Since the General Assembly has provided no statutory mechanism for the direct appeal of local governing authorities' zoning decisions to superior court, such appeals are de novo proceedings. *Mayor &c. of Savannah v. Rauers*, 253 Ga. 675 (1) (324 SE2d 173) (1985) and cits. Consequently, as held in *Rauers*, where the property owner appeals to superior court and argues that the zoning of his or her property is unconstitutional, he or she is not restricted to the evidence presented to the local zoning authority in support of the constitutional challenge. "[W]ere we to adopt the . . . argument [that the property owner cannot present evidence in court which was not presented to the local zoning authority], zoning authorities throughout the state would be required to allow cross-examination of witnesses and would have to record the testimony and have it transcribed. This we decline to require." *Rauers*, supra, 253 Ga. at p. 675.

5. As noted by the appellees, as a matter of state constitutional law, the power to zone is specifically vested in local governing authorities, subject to the General Assembly's authority to enact procedures regulating the exercise of such power. Art. IX, Sec. II, Par. IV of the Georgia Constitution of 1983.

In 1985, the General Assembly enacted Chapter 67 of Georgia

Code Title 36 (OCGA § 36-67-1 et seq.; Ga. L. 1985, p. 1178 et seq.). This Act requires certain legislative findings when a local governmental agency acts on a zoning proposal initiated by a party other than the local government, so as "to ensure that court decisions, when courts are required to intervene in zoning matters, will be made on the basis of a record which will contain matters necessary to the consistent and wise judicial decision of such zoning matters." OCGA § 36-67-2.[7] This Act applies "only to those counties which have a population of 400,000 or more according to the United States decennial census of 1980 or any future such census and to those municipalities wholly or partially located within such counties which have a population of 100,000 or more according to the United States decennial census of 1980 or any future such census." OCGA § 36-67-1. Consequently, this Act does not apply to Cobb County.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 10, 1987.

*Sams, Glover & Gentry, Garvis L. Sams, Jr., Richard W. Calhoun,* for appellants.

*Alston & Bird, G. Conley Ingram, Peter M. Degnan, Mark A. Johnson, Hylton B. Dupree, Jr., James L. Eastham,* for appellees.

---

[7] Under these statutory procedures, an argument by the local zoning authority, that the constitutional challenge was not perfected prior to the appeal to superior court because of the rezoning applicant's failure to submit substantive evidence in support of his or her challenge, is ascertainable from the record.