## S93A1973. O S ADVERTISING COMPANY OF GEORGIA, INC. v. RUBIN et al.

(438 SE2d 907)

CLARKE, Chief Justice.

Appellant O S Advertising sought a building permit for a general outdoor advertising sign in the City of Atlanta. The sign was built before appellant applied for a variance from the Board of Zoning Adjustments. The variance was required because the sign was to be 65 feet tall and located 150 feet from an expressway violating the setback and height requirements of Atlanta City Code §§ 16-28.019(7)[1] and 16-14.010(d).[2] The building permit was denied. On September 6, 1991, the BZA denied appellant's application for a variance. From that denial, O S Advertising appealed to the Fulton Superior Court pursuant to Atlanta City Code § 16-26.007.

In its three-count complaint, O S petitioned the court to overturn the decision of the BZA. It also sought a declaration that the sections of the Atlanta City Code governing the erection of signs (the "Sign Ordinance") be declared unconstitutional as a violation of constitutional protections of free speech (Count 2) and the takings clauses of the Federal and State constitutions (Count 3). The superior court upheld the BZA's decision, finding that the BZA did not act arbitrarily or capriciously concerning O S Advertising's constitutional rights and that the sign was illegally constructed violating existing zoning ordinances. It further found that O S Advertising failed to name any particular ordinance with fair precision as required for making a constitutional challenge on a zoning ordinance. See *DeKalb County v. Post Properties*, 245 Ga. 214 (1) (263 SE2d 905) (1980). Finally, the superior court ruled that Counts 1 and 3 of O S Advertising's complaint challenge several zoning statutes as they relate to other signs not involved in the appeal from the BZA decision and are not ripe for review because O S Advertising had not exhausted all administrative remedies. O S Advertising appeals from the superior court's decision. We affirm the trial court as to Count 1, O S Advertising's appeal from the BZA. We reverse, however, as to Counts 2 and 3.

1. In Count 1 of its complaint, O S Advertising challenged the decision of the BZA. O S alleged that the decision was unreasonable, arbitrary, and capricious and that it constituted an abuse of its police powers. The trial court upheld the BZA's decision.

---

[1] [I]t shall be unlawful for any person to build, use or maintain, within a distance of 300 feet of the nearest outer edge of the pavement of the interstate highway, limited-access freeway or expressway system within the city, any general advertising sign. . . .
Atlanta City Code § 16-28.019(7).

[2] "A freestanding general advertising sign shall not exceed 45 feet in height above ground level." Atlanta City Code § 16-14.010(d).

A municipality has the power to zone and restrict the use of the land within its boundaries. The local agencies charged with creating and enforcing such restrictions are better qualified than the courts to determine the necessity, character, and degree of zoning regulations. The courts will not disturb the decisions of local agencies unless they act beyond the discretionary powers conferred upon it or acted arbitrarily or capriciously concerning the property owner's constitutional rights. O S Advertising has the burden of showing that the BZA acted in such a manner.

The appropriate standard of review for the superior court is whether the decision of the BZA is supported by any evidence. *Emory Univ. v. Levitas*, 260 Ga. 894, 897 (401 SE2d 691) (1991). Because the BZA's decision was based on findings of the city's experts in zoning and planning, the superior court had adequate evidence on which to base its order affirming the BZA's decision. We therefore affirm.

2. In Counts 1 and 3 of his complaint, appellant challenged the constitutionality of the sign ordinance as it relates to its other properties. Appellant owns and leases real property in Atlanta for building and maintaining outdoor advertising signs. Some of these signs do not meet the requirements of the sign ordinance of the Atlanta City Code. In Count 2, appellant alleges that the sign ordinance discriminates against noncommercial speech, and thus violates the free speech clauses of the First Amendment to the United States Constitution and Art. I, Sec. I, Par. V of the Georgia Constitution of 1983. Appellant seeks an order declaring the ordinance void, allowing it to build new outdoor advertising structures, to raise existing signs above the 45-foot limit, and to relocate and enlarge existing signs. In Count 3, appellant alleges that the ordinance is a taking of property without compensation or due process violating the Fifth and Fourteenth Amendments to the United States Constitution and Art. I, Sec. I, Par. I and Art. I, Sec. II, Par. I of the Georgia Constitution of 1983.

The superior court dismissed these claims because O S Advertising did not exhaust its administrative remedies for these other properties by applying for zoning variances. We reverse. Not all declaratory judgment claims in zoning cases are barred due to the plaintiff's failure to exhaust all available administrative remedies.

Where the basis of the claim arises from its effect upon a particular parcel of land because of features unique to that property, the owner may not bring an action for declaratory judgment without first having exhausted the administrative remedies provided by law. Arden H. Rathkopf & Daren A. Rathkopf, The Law of Zoning and Planning § 35.02[1]. In *Village Centers v. DeKalb County*, 248 Ga. 177 (281 SE2d 522) (1981), we held that a zoning application is a prerequisite to a suit in equity challenging the constitutionality of an ordinance. Quoting the Illinois Supreme Court, we said,

"[w]here the claim is merely that the enforcement or application of a particular classification to the plaintiff's property is unlawful and void, . . . judicial relief is appropriate only after available administrative remedies have been exhausted."

Id. at 178, n. 2 (quoting *Bright v. City of Evanston*, 10 Ill.2d 178 (139 NE2d 270, 274) (1956)).

There is, however, no exhaustion requirement when, as in the present case, the property owner challenges the constitutionality of an ordinance on its face. *Euclid v. Ambler Realty Co.*, 272 U. S. 365 (47 SC 114, 71 LE 303) (1926); Rathkopf, supra at § 35.02[2][d]. O S Advertising alleges that the sign ordinance is unconstitutional with regard to all the property within its purview. Consequently, we reverse the superior court's order dismissing appellant's complaint and remand the case for consideration of the constitutional issues under Counts 2 and 3.

3. With regard to Count 1, the superior court noted that a constitutional attack on a zoning ordinance must be properly raised before the zoning authority. Concluding that appellant "has failed to set out the necessary requirements for making a constitutional attack on a zoning ordinance," the superior court granted the defendants' motion to dismiss. In its application for a variance, appellant asserted its constitutional claim before the board:

Applicant also places the Board of Zoning Adjustments on notice that it is raising a constitutional challenge to the City of Atlanta's zoning ordinance which contains the setback and height limitations for the subject property as they constitute a taking of the property without just and adequate compensation and without due process of law in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section 1, Paragraph 1 and Article I, Section 3, Paragraph 1(a) of the Constitution of the State of Georgia. Applicant also raises a constitutional challenge to the sections of the City of Atlanta's zoning ordinance governing signs as they violate the First Amendment and Fourteenth Amendments to the United States Constitution and Article I, Section 1, Paragraph 5, Article I Section 1, Paragraph 1 of the Constitution of the State of Georgia.

Appellees argue that this is insufficient to raise the constitutional question before the board. We disagree. All that is required of the property owner, however, is that it give the local agency fair notice that a constitutional challenge is being raised. *DeKalb County v.*

*Bremby*, 252 Ga. 510 (2) (314 SE2d 900) (1984). The notice given must be sufficient to allow the BZA the opportunity to grant a variance to correct any constitutional defects specific to the petitioner's property. In such a challenge, the property owner must specify: (1) the statute or ordinance to be challenged must be shown with fair precision; (2) the provision of the constitution allegedly violated must be clearly designated; and (3) it must be shown wherein the statute or ordinance violates the provision of the constitution. *DeKalb County v. Post Properties,* supra at 218. O S Advertising gave sufficient notice to the BZA that it was raising a constitutional challenge regarding the sign ordinance and the property before the board. Although appellant did not name specific Code sections, we hold that the references to the Atlanta Zoning Ordinance were not so vague that the BZA could not understand the nature of the challenge. We therefore reverse the order of the superior court and remand for further proceedings not inconsistent with this opinion.

Furthermore, since we have held in Division 2 that the exhaustion doctrine did not apply to appellant's claims in Counts 2 and 3 of the complaint, the superior court should not have dismissed the complaint for the failure to provide adequate notice to the BZA of O S Advertising's intent to raise a constitutional issue.

*Judgment affirmed in part and remanded for further proceedings not inconsistent with this opinion. All the Justices concur.*

DECIDED JANUARY 31, 1994.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling,* for appellant.

*David D. Blum, Michael V. Coleman, Robert L. Zoeckler,* for appellees.