S99A0334. ASHKOUTI et al. v. CITY OF SUWANEE et al.
(516 SE2d 785)

THOMPSON, Justice.

Plaintiffs, who are developers, sought to amend the zoning ordinance and zoning map of the City of Suwanee to change the zoning of 25.307 acres of land from R-100 (single family residential) to RM-8 (multi-family). During the public hearing, the plaintiffs' representative told the city council:

> The existing zoning, I do not believe is really what you would call a constitutional zoning. The [land use] plans saying you are not being industrial. Actually, when you look at physically the use of it, the property is developed at R-100

due to the flood plain involved, you would end up with approximately (inaudible) on Buford Highway, which is not an ideal planning situation.

After the city council unanimously denied the application for rezoning, plaintiffs filed suit and asserted that the property's R-100 zoning classification was unconstitutional. The city moved for summary judgment. Relying upon *DeKalb County v. Post Properties*, 245 Ga. 214, 217 (263 SE2d 905) (1980), the trial court granted the city's motion on the ground that plaintiffs did not give adequate notice that they were challenging the constitutionality of the city's zoning ordinance. This Court granted plaintiffs' application for discretionary appeal and posed this question: What constitutes sufficient notice to the zoning authority of a challenge to the constitutionality of an existing zoning classification as applied to particular property?

"A constitutional attack on a zoning classification cannot be made for the first time in the superior court." *DeKalb County v. Post Properties*, [supra]; *McCamy v. DeKalb County*, 246 Ga. 293 (271 SE2d 214) (1980). That is to say, a constitutional attack upon a zoning classification has to be raised before the board of county commissioners (zoning authority). This requirement affords the county commissioners an opportunity to amend the zoning ordinance to the classification sought or to an intermediate classification which is constitutional, and puts them on notice of possible litigation if they do not. Moreover, it focuses the commissioners' consideration on the factors affecting the constitutionality of the existing zoning classification. See *Guhl v. Holcomb Bridge Rd. Corp.*, 238 Ga. 322, 323-324 (232 SE2d 830) (1977). On the other hand, boards of county commissioners hearing zoning applications are not sitting as judges, and the requirement of notice is afforded to them so that they may amend the zoning ordinance if it needs to be amended, not so they can hold the ordinance constitutional or unconstitutional.

*DeKalb County v. Bremby*, 252 Ga. 510-511 (314 SE2d 900) (1984). Thus, notice to a zoning authority concerning the constitutionality of an existing zoning classification does not have to meet a high standard of particularity. All that is required is that the zoning authority be given "fair notice that a constitutional challenge is being raised." Id. at 511.

The plaintiffs' attack on the constitutionality of the zoning classification meets this test. It put the council on notice that plaintiffs

were challenging the constitutionality of the existing zoning classification, and it focused the council's attention upon the factors which might have rendered the classification unconstitutional. Unlike *Bremby*, plaintiffs used the word "constitutional," and they proceeded to set forth factors which might affect the constitutionality of the R-100 classification. That is all that they were required to do. Id. at 511.

Relying upon *O S Advertising Co. v. Rubin*, 263 Ga. 761 (438 SE2d 907) (1994), the city asserts the notice was insufficient because it failed to specify: (1) the ordinance to be challenged with fair specificity; (2) the provision of the constitution allegedly violated; and (3) how the ordinance violates the provision of the constitution. Id. at 764. This assertion is without merit because, although those factors are apposite when one questions the constitutionality of a statute in a judicial forum, they are inapplicable in the legislative forum. *Cobb County Bd. of Commrs. v. Poss*, 257 Ga. 393, 395 (2) (359 SE2d 900) (1987). To the extent that *O S Advertising* holds otherwise, it is hereby overruled.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 1, 1999.

*Webb, Tanner & Powell, Anthony O. L. Powell,* for appellants.
*Chandler & Britt, Gregory D. Jay,* for appellees.