## S03A1253. COOPER v. UNIFIED GOVERNMENT OF ATHENS-CLARKE COUNTY.

(589 SE2d 105)

FLETCHER, Chief Justice.

Lewis J. Cooper sought a writ of mandamus to compel the Athens-Clarke County Commission to issue him a permit to build a solid-waste transfer station. The Superior Court dismissed his petition. Because Cooper failed to raise his constitutional claims before the County Commission, and such claims cannot be raised for the first time in Superior Court, we affirm.

In July 2000, Cooper began taking initial steps to develop his property in Athens-Clarke County as a solid-waste transfer station. According to Cooper, the staff of the Planning Commission assured him at that time that the zoning classification for the property, "Industrial," would permit such a project. Cooper then commissioned certain studies into the feasibility of the project, but never formally applied for a permit. In December 2000, however, the zoning classification on the property was changed to "Employment Industrial."

In March 2001, Cooper requested that the County Commission change the zoning on his property back to the prior "Industrial" classification. When the request was denied, Cooper filed a petition for a writ of mandamus to compel the County Commission to rezone the property and issue a permit for the solid-waste transfer station. The Superior Court dismissed the petition, but this Court vacated the order and remanded the case for further proceedings.[1] Upon remand, the Superior Court again dismissed the petition because Cooper failed to assert any constitutionally-based claims before the County Commission, and such claims cannot be asserted for the first time in Superior Court. This Court granted Cooper's application for a discretionary appeal, and we affirm.

Cooper's only enumeration of error relates solely to his claim to have a vested right to his desired permit. Before the Superior Court, Cooper asserted for the first time that he had a vested right to have his *hypothetical* permit application granted because his proposed solid-waste transfer station would have been an appropriate use under the previous zoning classification of "Industrial." Cooper's argument is that through his reliance on the previous zoning classification, he has "acquired a vested property right, [protected by] the Constitution of the United States and the Constitution of this State."[2] Therefore, Cooper's claim is that if the current zoning classification prohibited his solid-waste transfer station, that zoning classification

---

[1] *Cooper v. Unified Govt. of Athens-Clarke County*, 275 Ga. 433 (569 SE2d 855) (2002).

[2] *Clairmont Dev. Co. v. Morgan*, 222 Ga. 255, 258 (149 SE2d 489) (1966).

would be unconstitutionally applied to him because of his vested rights.

"The doctrine of vested rights is based on constitutional grounds."[3] "The existence of vested rights under zoning ordinances rests upon the same constitutional footing which precludes retroactive application of zoning ordinances."[4] This Court has firmly adhered to the rule that constitutionally-based zoning claims, such as those asserted here by Cooper, cannot be raised for the first time in the Superior Court, but must first be brought before the local zoning authority.[5] This Court has only excepted a claimant from this rule in situations inapplicable to Cooper in this case.[6]

The purpose of the rule requiring constitutionally-based zoning claims to be brought first before the local zoning authority is to afford the local zoning authority an opportunity to amend the zoning ordinance or grant a permit for a non-conforming use, and to prevent unnecessary judicial intervention into local affairs.[7] It is also a matter of judicial economy, since the local authority is empowered to correct any such violations.[8]

Although Cooper did ask the local zoning authority to change the zoning classification back to the previous classification, he did not give the zoning authority any opportunity to address his constitutionally-based vested right claim, as he did not seek a variance or a permit for a "non-conforming use" based on his alleged vested rights.[9] This Court's long-standing procedure is to address these vested rights claims only after the local zoning authority has refused to issue the necessary permits for the proposed project, or has imposed unconstitutional restrictions on an existing project.[10]

---

[3] 4 Rathkopf, Law of Zoning and Planning, § 70:29 [94] (1980).

[4] *Barker v. Forsyth County*, 248 Ga. 73, 75 (281 SE2d 549) (1981).

[5] *Mayor &c. of Savannah v. Savannah Cigarette &c. Svcs.*, 267 Ga. 173, 174 (476 SE2d 581) (1996); *Village Centers v. DeKalb County*, 248 Ga. 177, 178 (281 SE2d 522) (1981).

[6] *Martin v. Hatfield*, 251 Ga. 638 (308 SE2d 833) (1983) (no requirement to bring claim before zoning authority when the claimant is seeking to compel the issuance of a permit in accordance with the existing zoning ordinance); *Powell v. City of Snellville*, 266 Ga. 315, 316 (467 SE2d 540) (1996) (claimant not required to bring claim before the local zoning authority when to do so would be obviously futile); *O.S. Advertising Co. of Ga. v. Rubin*, 263 Ga. 761, 763 (438 SE2d 907) (1994) (claimant not required to bring claim before zoning authority when attacking the constitutionality of the zoning ordinance on its face) overruled on other grounds by *Ashkouti v. City of Suwanee*, 271 Ga. 154, 156 (516 SE2d 785) (1999).

[7] *DeKalb County v. Brembry*, 252 Ga. 510, 511 (314 SE2d 900) (1984); *Ashkouti*, 271 Ga. at 155-156; *Village Centers*, 248 Ga. at 178-179.

[8] *Village Centers*, 248 Ga. at 179.

[9] *Ashkouti*, 271 Ga. at 156; *McCamy v. DeKalb County*, 246 Ga. 293, 293 (271 SE2d 214) (1980) (party must raise constitutional nature of attack on zoning ordinance before local zoning authority).

[10] See, e.g., *Barker*, 248 Ga. at 73 (action not commenced until permit application applied for but not granted); *WMM Properties v. Cobb County*, 255 Ga. 436, 436-437 (339 SE2d 252) (1986) (action commenced after county imposed unconstitutional stipulations on

It is impossible for this Court or the Superior Court to determine whether Cooper's vested rights have been violated, since he has never applied for a permit, nor has the appropriate County authority ever denied him any such permit. Cooper's constitutional rights are not being violated merely by the existence of a certain zoning classification. Those rights would only be violated if the County Commission used the new zoning classification to deprive Cooper of vested property rights. By failing to bring that claim before the local zoning authority, Cooper denied the County Commission the opportunity to address it. Accordingly, Cooper was prohibited from raising this issue for the first time before the Superior Court, and the Superior Court was correct to dismiss the case for lack of subject matter jurisdiction.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 17, 2003.

*Webb, Tanner & Powell, Anthony O. L. Powell, Robert J. Wilson, Christopher T. Adams*, for appellant.
*Ellen W. Hight, William C. Berryman, Jr.*, for appellee.

_____

the development plans county had already approved).
   [1] OCGA § 53-4-24.