S12A1603. ASSOCIATION OF GUINEANS IN ATLANTA, INC.
v. DeKALB COUNTY et al.

(738 SE2d 40)

BENHAM, Justice.

This appeal arises from the grant of an application for discretionary review. Appellant Association of Guineans in Atlanta, Inc. applied to the DeKalb County Board of Commissioners (the "BOC") for a special land use permit (SLUP) for a single-family house located in a residential area of DeKalb County and zoned as a single-family residence. In its permit application, appellant stated an intent to use the property as a "place of worship and family life center." The BOC denied appellant's SLUP application, and appellant appealed to the superior court seeking a declaratory judgment, an injunction, and a writ of mandamus. Appellees moved to dismiss the superior court action on the grounds that appellant failed to raise its constitutional claims before the BOC. After appellant amended its complaint, appellees filed another motion to dismiss on the grounds that appellant failed to make a prima facie showing that appellees violated the Religious Land Use and Institutionalized Persons Act, 42 USC § 2000cc et seq. (RLUIPA). After several hearings, the trial court granted the motions to dismiss and denied appellant's petition for a writ of mandamus on the merits.

1. Appellant alleges the trial court erred when it dismissed its constitutional challenges to the zoning ordinance. We find no error. "The rule is that a landowner who makes a constitutional attack on

a zoning ordinance must do so before the local governing body — either county commission or city council — in order to afford that body the opportunity to amend the ordinance and bring it within constitutional limits." *Shockley v. Fayette County*, 260 Ga. 489, 490 (396 SE2d 883) (1990). A constitutional challenge to a zoning matter cannot be made for the first time in the superior court. *Cooper v. Unified Government of Athens-Clarke County*, 277 Ga. 360, 361 (589 SE2d 105) (2003). According to appellant, it raised state and federal constitutional challenges when it asserted verbally at the hearings that it intended to use the property as a place of worship. A verbal assertion of a constitutional challenge may be sufficient to put a zoning body on fair notice that constitutional claims are being raised. See *Ashkouti v. City of Suwanee*, 271 Ga. 154, 155-156 (516 SE2d 785) (1999) (applicant asserted constitutional challenge when it verbally stated to city council that it did not believe the existing zoning was constitutional). Unlike the plaintiff in *Ashkouti*, however, appellant never mentioned the words "constitutional" or "unconstitutional," either verbally or in writing, at any time during the application process before the BOC. The assertion that appellant intended to use the property as a place of worship was insufficient to give the BOC fair notice that appellant was challenging the constitutionality of the zoning ordinance or the applicable zoning classification. See *DeKalb County v. Bremby*, 252 Ga. 510, 511-512 (314 SE2d 900) (1984) (plaintiff did not raise a constitutional issue when he told the board of commissioners that the property was "unsuitable for any use except non-residential"). Accordingly, this enumeration of error is without merit and the trial court's dismissal of appellant's constitutional claims must be sustained. Id. at 512; *Cooper v. Unified Government of Athens-Clarke County*, supra, 277 Ga. at 361.

2. As stated in its order of dismissal, the trial court dismissed a portion of appellant's complaint "on the grounds that [appellant had] failed to make a prima facie case showing a violation [of the RLUIPA]." Appellant alleges this ruling was in error because the trial court applied the wrong analysis for a motion to dismiss. We agree. The May 2011 hearing transcript shows that the trial court was adamant the motion at issue was one for dismissal and that it would not be considering any evidence outside of the pleadings: "[I]t's not my understanding that you're entitled to an evidentiary hearing on this motion to dismiss." Since the trial court was ruling on a motion to dismiss that had not been converted into a motion for summary judgment, the trial court was required to assume the factual allegations in the complaint to be true and then determine: (1) whether the allegations in the complaint disclosed with certainty that appellant would not be entitled to relief under any set of provable facts and

(2) appellees have shown that appellant cannot possibly introduce evidence within the framework of the complaint that would warrant the relief sought. *Northway v. Allen*, 291 Ga. 227, 229 (728 SE2d 624) (2012). The main consideration for the trial court ruling on a motion to dismiss is whether a right to some form of relief exists under the assumed set of facts. Id. Here, it appears from the face of the trial court's order that it did not apply the correct analysis for a motion to dismiss. Therefore, the order dismissing appellant's RLUIPA claim is reversed, and the case is remanded to the trial court to apply the correct legal analysis.

3. Appellant alleges the trial court erred when it denied its petition for a writ of mandamus. Inasmuch as the trial court's decision regarding the motion to dismiss appellant's RLUIPA claim is reversed and the trial court on remand is tasked with determining whether the allegations in the complaint are sufficient to survive a motion to dismiss, the resolution of appellant's petition for mandamus relief is necessarily premature. Accordingly, the trial court's denial of the petition for mandamus is vacated and may be revisited by the trial court upon its resolution of the motion to dismiss.

*Judgment affirmed in part, reversed in part, and vacated in part, and case remanded with direction. All the Justices concur.*

DECIDED FEBRUARY 4, 2013.

*Kimberly L. Bandoh*, for appellant.
*John E. Jones, Jr., Duane D. Pritchett*, for appellees.