**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 21, 2020**

# In the Court of Appeals of Georgia

A19A2139. MITCHELL v. CAPEHART.

BARNES, Presiding Judge.

Mayah Mitchell filed a petition against her former husband, Christopher Capehart, seeking to modify the custody of their two children. Capehart moved to dismiss the petition for failure to state a claim, and the trial court granted the motion. We agree with Mitchell, however, that such dismissal was not authorized, and thus reverse the judgment and remand the case for proceedings not inconsistent with this opinion.

On appeal, we review the trial court's grant of a motion to dismiss de novo. A motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not

possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Citations and punctuation omitted.) *Scott v. Scott*, 311 Ga. App. 726, 727 (1) (716 SE2d 809) (2011). With these principles in mind, we turn to the underlying petition.

Mitchell filed the custody modification petition in August 2018. At the outset, she set forth as background that she and Capehart had divorced in 2014; that in March 2017, the superior court entered an order altering custody provisions;[1] and that such order provided that: Capehart would have sole legal and physical custody of both children, she would have visitation, and she would pay a designated amount of child support to Capehart.[2]

---

[1] Mitchell attached a copy of the March 2017 order to her petition. "[I]n ruling on a motion to dismiss, a trial court is "authorized to consider exhibits attached to and incorporated into the complaint." *Lord v. Lowe*, 318 Ga. App. 222, 223 (741 SE2d 155) (2012). See also *Trop, Inc. v. City of Brookhaven*, 296 Ga. 85, 89 (2) (764 SE2d 398) (2014) ("Consideration of … exhibits to the pleadings did not convert the motion to dismiss into a motion for summary judgment.").

[2] Among other matters, the March 2017 order further prohibited Mitchell's new husband, who had been added to that custody case as a necessary party, from having any "contact whatsoever with . . . the minor children."

2

But since the entry of that most recent child custody order, as Mitchell's petition went on to allege, there had been a "substantial change in circumstances," including: Capehart had failed to co-parent with her on several occasions; Capehart had disallowed her scheduled visitation on several occasions; Capehart had willfully refused to allow their children to communicate with her; and Capehart had alienated their children from her. Thus, Mitchell claimed that the "current schedule" was no longer conducive to the best interest of the children, that Capehart's actions were not always in the children's best interest, and that she was a fit and loving parent. Mitchell went on to request "joint legal custody" of their two children, which she asserted would be in the best interest of their children.[3]

Thereafter, Mitchell filed a (verified ) amendment to her petition, adding a claim for primary physical custody and thus seeking a new calculation of child support. She asserted that she had recently become aware of additional circumstances that further showed material changes warranting the requested custody modifications. Such circumstances, Mitchell alleged, included: Capehart had been unnecessarily physically disciplining the children; he had failed to provide adequate supervision of

---

[3] Mitchell also requested the court to hold Capehart in contempt for failing to comply with the March 2017 order, and she claimed that Capehart should be held liable for the attorney fees incurred by her to modify custody.

3

the children in his home; one of the children was failing most of her classes; Capehart's parenting and disciplining methods were likely emotionally and psychologically damaging to the children; and Capehart's continued refusal or inability to facilitate a relationship between her and their children was adverse to the children's best interest. Additionally, Mitchell asserted that she was a fit parent capable of having primary custody of their children.

In his answer, Capehart denied that Mitchell was entitled to any requested relief, and posited further that Mitchell's pleadings were subject to dismissal pursuant to OCGA § 9-11-12 (b). Capehart also filed the motion that gave rise to the judgment contested in this appeal; therein, he specifically argued that "[Mitchell's] Petition, as amended, . . . fails to state a claim upon which relief can be granted," and thus sought "dismiss[al] pursuant to OCGA § 9-11-12 (b)." On February 25, 2019, the superior court entered an order, ruling: "IT IS HEREBY ORDERED that [Capehart']s Motion to Dismiss Petition is GRANTED."

In this appeal, Mitchell contends that the trial court erred in granting Capehart's motion. As she did when responding below to Capehart's motion to dismiss, Mitchell relies on *Woodruff v. Chaoate*, 334 Ga. App. 574 (780 SE2d 25) (2015). In that case, this Court held that allegations made in a parent's petition – "the

4

circumstances of the parties and the needs of the minor child have changed to the degree that the [most recent custody order] is no longer in the best interest of the child" – were sufficient to state a claim for modification of custody. Id. at 579 (2). Accordingly, we conclude here that the allegations set out by Mitchell in her (amended) petition, as detailed above, were sufficient to survive Capehart's motion to dismiss for failure to state a claim. See id.; *Carley v. Lewis*, 221 Ga. App. 540, 542 (472 SE2d 109) (1996) (holding that the allegations in petition to change custody need only be sufficient to give respondent fair notice of petitioner's claim).

In granting Capehart's motion to dismiss, the trial court reasoned in its order that "[Mitchell] failed to state a claim that has shown there has been a material change in circumstances." But it is well settled that,

> Complaints do not have to allege facts sufficient to set forth a cause of action and are no longer to be construed most strongly against the pleader. And it is no longer necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. If, *within the framework of the complaint*, evidence *may* be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.

(Citations and punctuation omitted; emphasis supplied.) *Scott*, 311 Ga. App. at 729 (1); see also *Assoc. of Guineans in Atlanta v. DeKalb County*, 292 Ga. 362, 363-364

5

(2) (738 SE2d 40) (2013) (to survive a motion to dismiss for failure to state a claim, petitioner has no duty to demonstrate a prima facie case). The trial court's reasoning thus did not supply a basis for granting Capehart's dismissal motion.

Capehart posits that the trial court's judgment should nevertheless be affirmed, arguing that evidence adduced upon various motions filed during the pendency of this case authorized a *substantive* ruling against Mitchell on her quest to modify custody.[4] Capehart further argues that certain remarks made by the trial court judge in open court reveal that the custody issue was indeed adjudicated on the merits.[5] These arguments, however, are unavailing.

Pretermitting whether the cited remarks by the trial court judge revealed her intent to later enter a substantive ruling in Capehart's favor, we adhere to the long standing principles that,

---

[4] See generally *Viskup v. Viskup*, 291 Ga. 103, 105 (2) (727 SE2d 97) (2012) ("A petition to change child custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child since the last custody award. If there has been such a change, then the court should base its new custody decision on the best interest of the child.").

[5] Capehart cites a status conference, during which Mitchell's motion for guardian ad litem was raised and the trial judge interviewed the older of the two children.

The trial court's oral pronouncement is not a judgment until it is put in writing and entered as the judgment. Although a trial court's oral pronouncements on the record may provide insight on the intent of its subsequent written judgment, discrepancies between the two pronouncements must be resolved in favor of the written judgment. Thus, the [trial] court's oral statements on the record were not binding.

(Citation and punctuation omitted.) *Blair v. Bishop*, 290 Ga. App. 721, 725 (2) (660 SE2d 35) (2008); see *Black v. Ferlingere*, 333 Ga. App. 789, 790-791 (1) (777 SE2d 268) (2015).

Moreover, the written judgment entered in this case is captioned "Order Granting Motion to Dismiss Petition." The written judgment then expressly recounted that the trial court had before it Capehart's motion, which pleading confirms that Capehart was contending that "[Mitchell's] Petition, as amended, . . . fails to state a claim upon which relief can be granted," and that he was thus seeking "dismiss[al] pursuant to OCGA § 9-11-12 (b)." And as recited above, the written judgment ruled, "IT IS HEREBY ORDERED that [Capehart's] Motion to Dismiss Petition is GRANTED."

While we note cases indicating that even in child custody cases, motions to dismiss may be converted to motions for summary judgment (where the trial court

7

considers matter outside the pleadings),[6] we will not conclude that the underlying motion to dismiss filed by Capehart was so converted.[7] Capehart posits on appeal that evidence within the record authorized a substantive ruling against Mitchell, but the trial court expressly identified in the written judgment those parts of the record considered for its ruling; and such recitation included only pleadings. Thus, we will

---

[6] See, e. g., *Woodruff*, 334 Ga. App. at 579 (2) (b).

[7] We note that "as the determination of custody is based in part on the trial court's discretion, custody actions are generally ill-suited for summary adjudication." *Allen v. McGuire*, 339 Ga. App. 219, 223 (1) (793 SE2d 151) (2016) (explaining that trial court properly denied summary judgment in custody modification case, given parents' conflicting evidence on material facts which precluded summary adjudication of the custody issue). See *Bankston v. Warbington*, 332 Ga. App. 29, 33 (1) (771 SE2d 726) (2015) (summarizing that a trial court deciding child custody "engage[s] in a discretionary weighing of evidence"). Accord *Crumbley v. Stewart*, 238 Ga. 169, 169-170 (231 SE2d 772) (1977) ("[W]hether there are changed conditions affecting the best interests of the child occurring after the rendition of a former final custody judgment which will warrant the issuance of a new judgment by a [trial] court changing custody or visitation rights . . . is essentially a fact question in each individual case which must be decided by the [trial] court.").
    Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c). And on "de novo review of the grant of a motion for summary judgment, [an appellate court] must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." (Citation and punctuation omitted.) *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010).

not presume that the trial court nevertheless considered beyond that which it expressly stated.

> Since the trial court was ruling on a motion to dismiss that had not been converted into a motion for summary judgment, the trial court was required to assume the factual allegations in the complaint to be true and then determine: (1) whether the allegations in the complaint disclosed with certainty that appellant would not be entitled to relief under any set of provable facts and (2) appellees have shown that appellant cannot possibly introduce evidence within the framework of the complaint that would warrant the relief sought. The main consideration for the trial court ruling on a motion to dismiss is whether a right to some form of relief exists under the assumed set of facts. Here, it appears from the face of the trial court's order that it did not apply the correct analysis for a motion to dismiss. Therefore, the order dismissing appellant's claim is reversed and the case is remanded to the trial court to apply the correct legal analysis.

(Citations omitted.) *Assoc. of Guineans in Atlanta*, 292 Ga. at 363-364 (2). Accord *Crumbley*, 238 Ga. at 170 (reversing judgment on child custody petition and remanding the case, where trial court's decision was not based upon proper analysis); *Daniel v. Fulton County*, 324 Ga. App. 865, 867 (752 SE2d 1) (2013) ("Where . . . it appears from the trial court's stated explanation for its ruling that it engaged in an incomplete exercise of discretion based on an erroneous theory of law, the proper

9

remedy from this [C]ourt is to [reverse the judgment and] remand the case to the trial court for its full consideration of the appropriate factors.").[8]

*Judgment reversed and case remanded. Mercier and Brown, JJ., concur.*

---

[8] We intimate no opinion as to the ultimate outcome of Mitchell's (amended) petition to modify custody.